## LEVI ALLEN v. DAVID GOFF.

When a declaration contains matter of *description*, though immaterial, it must agree with the proof, but if the evidence conforms with the declaration, it is no *variance* that the evidence contains more immaterial matter than the declaration.

ASSUMPSIT, on a parol award.

The award set forth in the declaration was, that on the seventeenth day of May, 1836, the arbitrators (naming them) awarded that the defendant should pay the plaintiff $22,25 in money, and should deliver to the plaintiff, in a reasonable time, a pair of cart wheels, with iron bands on the hubs, &c. to be worth twelve dollars. And the breach assigned was in substance that the defendant did not in a reasonable time, nor at any other time, deliver the said cart wheels to the plaintiff, though requested.

Plea, non assumpsit.

Upon the trial in the county court, the plaintiff introduced

testimony tending to prove that the arbitrators awarded that the defendant should pay to the plaintiff $ 22,25, in money, *in ten days*, and should deliver to the plaintiff a pair of cart wheels, such as were described in the declaration, in a reasonable time.

<div align="right">

FRANKLIN,
*January*,
1841.

Allen
*v.*
Goff,

</div>

Upon this testimony the defendant insisted that there was a material variance between the award set forth in the declaration and the one proved on the trial. But the county court decided that the variance was immaterial, as the plaintiff sued for the non-delivery of the cart wheels and not for the non-payment of the money, and rendered a judgment for the plaintiff, to which decision and judgment the defendant excepted.

*H. R. & J. J. Beardsley*, for defendant, contended that, although it was not necessary for the plaintiff to set forth that part of the award which related to the payment of the money by the defendant, still having set it forth, it was matter of description, and must be proved as laid, and cited 1 Stark. Ev. 401. *Bristow* v. *Wright*, Doug. 664. 1 Chit. Pl. 304. *Savage, qui tam*, v. *Smith*, W. Black. R. 1101. *Sands et. al.* v. *Sedger*, 2 Ld. Raymond, 792.

*Hoyt* and *Nutting*, argued for plaintiff, and insisted, that there was no material variance between the proof and declaration, as the plaintiff only sought to recover the value of the cart wheels, the other part of the award, the payment of the money having been complied with. It was unnecessary to set forth that part of the award which related to the payment of the money. So much as the plaintiff did set forth, in relation to the payment, is truly stated. But, as all that part was unnecessary, the objection that more unnecessary matter was not set forth in the declaration, cannot avail the defendant ; and cited Gould's Pleading, p. 181. 7 Mass. 65. Id. 325. 2 Johns. 57. 1 Burr. 278. 1 Salk. 72. 2 Saund. R. 62, a. note 5.

The opinion of the court was delivered by

COLLAMER, J.—The question presented for our decision is, whether there was a fatal variance between the declaration and the evidence.

<div style="margin-left:margin">

FRANKLIN,
January,
1841.

</div>

Matter of *allegation* or averment, in a declaration, need be proved only *in substance*, and only so much thereof as makes a legal claim, and the remainder may be rejected as surplusage. Matter of *description* must be proved precisely, perhaps literally, as set forth, and it cannot be rejected as surplusage, though its insertion was unnecessary.

It is quite clear that no more of the award need have been set forth than showed the plaintiff's claim, which is only for the wheels. It was unnecessary to say anything about the money, for which he was not sueing. But what he did say was matter of description, and, had that varied from the award, it would have been fatal. But all he has said was precisely like the award, and there is therefore no *variance*. But because he inserted the money unnecessarily, that did not require him to go further and insert more unnecessary matter, to wit: the *ten days*. There was therefore no variance. It was but an omission of matter immaterial to his present claim.

<div style="text-align:right">Judgment affirmed.</div>