GEORGE MORTON, Appellant, *v.* WILLIAM TENNY, Appellee.

APPEAL FROM TAZEWELL.

A note was described in the declaration, as being payable "on or before" a certain day; the note offered in evidence was payable "on" the day named: *Held*, that this did not constitute a variance between the declaration and the proof.

THIS was an action on a promissory note, tried before DAVIS, Judge, without the intervention of a jury, at April term, 1855, of the Tazewell Circuit Court. Judgment was rendered for the plaintiff, and the defendant took this appeal.

The only question raised upon the record, is one of variance. The declaration described a note payable "*on or before*" the

first day of January; the note offered in evidence under the declaration, was made payable " *on*" the first day of January. It was insisted that this was a variance.

MANNING and MERRIMAN, for Appellant.

N. H. PURPLE, for Appellee.

SCATES, C. J.    The note is sufficiently described in substance and legal effect; and this, we think, is all that can be required, to entitle the party to read it in evidence. It may be, and doubtless is true, that plaintiff could make a legal tender, and by it stop interest upon such a note as is described in the declaration, before the day of· payment therein. Yet that will not alter the legal effect of its terms. For it would not be due, nor could the owner maintain suit until the day named. So the words import no obligation, are not mutual, and consequently do not determine, import, or describe any characteristic of it, or its legal effect as a contract. If the doctrine of substantive variances is once carried beyond this test, it will be difficult to fix boundaries to its application. We do not feel willing or justified in entering upon speculative differences, and can only sanction those that may affect the merits of the case,·or be demanded by special averments.

*Judgment affirmed.*