## WILLIAM R. TIPTON *et al.*

*v.*

## THOMAS UTLEY.

1. ALLEGATIONS AND PROOFS—*variance.* In an action on a promissory note, the declaration described the note as payable "*in* twelve months after date," while the one offered in evidence was payable "twelve months after date:" *Held,* there was no variance—the legal effect being the same, as neither would become due until the expiration of twelve months.

2. It has been held that, where a note was declared on as payable "on *or before*" a certain day, and the one offered in evidence was payable "on" that date, there was no variance.

3. *Quære*—whether a note payable *in* twelve months after date could be legally discharged by the maker before the expiration of the time the note has to run.

4. EXCESSIVE DAMAGES—*small amount.* In an action on a promissory note, where the judgment was too large by the sum of eighteen cents, the excess being simply an error in the computation of the amount found to be due on the note, it was *held,* the amount was too trifling to be made a ground for the reversal of a judgment.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of assumpsit on a promissory note, by Thomas Utley against William R. Tipton and others. The special count in the plaintiff's declaration was as follows:

"For that, whereas, the defendants, at the county of St. Clair aforesaid, on the 1st day of January, A. D. 1870, by the names and styles of W. R. Tipton, L. M. Tipton, S. P. Tipton and J. R. Padfield, made their promissory note, in writing, and delivered the same to the plaintiff, and thereby jointly and severally promised to pay to the plaintiff, or order, the sum of $224.24, for value received, with interest at the rate of 10 per cent per annum, in twelve months after the date thereof, which period has now elapsed; and the defendants, then and there, in consideration of the premises, promised to pay the amount of said note to the plaintiff, according to the tenor and effect thereof; yet the defendants have disregarded their promises, and have not paid said note, nor any part thereof; but the same remains wholly unpaid," &c.

The plaintiff also filed an affidavit for an attachment against two of the defendants, alleging, as ground for suing out the writ, "That the said Landon M. Tipton and Samuel P. Tipton are about fraudulently to conceal, assign and otherwise dispose of their property and effects, so as to hinder and delay their creditors," &c.

To the declaration the defendants filed the general issue, and to the writ of attachment the defendants Landon M. and

Samuel. P. Tipton, plead in abatement, traversing the allegations in the affidavit, to which pleas the plaintiff added *similiters*.

Upon the trial, the plaintiff offered in evidence the following note :

> ```
> : . . . . . . . . . . . . :   $224.24.   Twelve months after date, we, or
> : U. S. Stamp. :
> :   15 Cents.  :  either of us, promise to pay to Thomas Utley,
> : . . . . . . . . . . . . :  or order, the sum of two hundred and twenty-
> ```

four dollars and twenty-four cents, for value received, with interest at the rate of ten per cent per annum.

January 1st, 1870.                    W. R. TIPTON.
                                      L. M. TIPTON.
                                      S. P. TIPTON.
                                      J. R. PADFIELD.

To the reading of which promissory note in evidence, the defendants objected, for the reason that the promissory note in the special count of the declaration described, is payable *in twelve months after the date thereof,* and the note offered in evidence is payable *twelve months after date thereof,* consequently there is a variance.

The court overruled the objection, to which decision of the court the defendants excepted.

Upon the hearing of further evidence offered by both parties, and the instructions of the court,. the jury found a verdict for the plaintiff, upon which judgment was entered. The defendants appeal.

Mr. WILLIAM WINKELMAN, for the appellants.

Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

We do not think there is any variance between the note described in the declaration and the one offered in evidence. The note described in the declaration is one payable *in twelve months after date,* and the one offered in evidence is payable

*twelve months after date.* The legal effect is the same. Neither would become due until after the expiration of twelve months from the date of the note.

It has been held by this court, that where the declaration describes the note as payable *on or before* a certain day, and the one offered in evidence was payable *on* a certain day, there was no variance between the declaration and the proof. *Morton* v. *Tenny,* 16 Ill. 494.

It may be that a note made payable *in* twelve months after date, could be legally discharged by the payer before the expiration of the time the note has to run; but that fact would not make the note become due at any earlier date than if the note had been made payable twelve months after date. The note is substantially described in the declaration according to its legal effect, and that is all the law requires. We will indulge in no metaphysical distinctions to defeat the ends of justice.

It is insisted that the judgment is too large, by the sum of eighteen cents. The excess in the judgment is simply an error in the computation of the amount found to be due on the note. The amount is too trifling to be made the ground for the reversal of the judgment. The objection is without any merits whatever.

The only serious question that can arise on this record, is, whether the evidence is sufficient to sustain the verdict on the plea in abatement to the writ of attachment.

After a careful consideration of the evidence, we can not say that it fails to sustain the finding of the jury. It can not be denied that there is evidence tending to prove the issues on the part of the appellee. Although the evidence is slight, we can not say that it does not warrant the conclusion reached by the jury. The rule is well established, that where there is a contrariety of evidence, we must regard the verdict as settling the controverted facts. This case affords no sufficient reasons for a departure from that rule.

Upon a full consideration of the whole case, we are of opinion that, substantially, justice has been done, and the judgment must be affirmed.

*Judgment affirmed.*