Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD,
Hon. JONATHAN ROSS,
Hon. WALTER C. DUNTON,  } ASSISTANT JUDGES.

---

## AMMEL v. NOONAR.

### *Pleading.   Variance.   Consideration.*

The declaration alleged that in consideration that plaintiff would convey to defendant certain land, defendant promised to "pay a certain debt which the plaintiff was owing to one George E. Field * * * of the sum of, to wit, sixty dollars." The proof was that defendant promised to pay four mortgages on the land, one of which was to secure a note for $125, given to cover $62 that plaintiff owed defendant, and $52 that plaintiff owed Field. *Held*, that although in alleging the consideration of a promise it is necessary to allege the whole of it, yet, that it is necessary to allege only that particular promise or part of the agreement for breach of which action is brought; that although the amount alleged was descriptive of the debt, yet, as it was alleged under a *videlicet*, plaintiff was not bound to prove exactly that amount; and that there was no variance.

*Held*, also, that a sufficient consideration to support the promise was alleged; and that the omission of *time* in the allegation that plaintiff conveyed the land, was cured by the verdict.

ASSUMPSIT. Pleas, general issue, payment, and accord and satisfaction. Trial by jury, September Term, 1877, PIERPOINT, C. J. presiding.

The declaration was as follows:

\* \* \* For that the defendant, on, &c., at, &c., promised the plaintiff that if he would deed to him a certain piece of land lying, &c., he, the defendant, would, in consideration thereof, pay a certain debt which the plaintiff was owing to one George E. Field, of the sum of, to wit, sixty dollars ; and in consideration of the promise of the defendant, the plaintiff did deed the said land to the defendant, and the defendant, disregarding his said promise as aforesaid, has hitherto and still doth wholly refuse to pay said claim, though often requested, &c.

It appeared from plaintiff's testimony that on March 22, 1876, plaintiff was the owner of a piece of land in Ferrisburgh, whereon were four mortgages,—one to N. J. Allen for $100 ; one to Platt & Allen for $100 ; one to Charles Lafountain for $30 ; and one to defendant to secure the payment of a note for $125 that was given to cover $62 that plaintiff owed defendant, and $52 that plaintiff owed said Field ; that on that day it was agreed between plaintiff and defendant that in consideration that plaintiff would convey said land to defendant by warranty deed, defendant would pay said mortgages and said $52 to Field, and discharge his own debt of $62 ; that on the same day, plaintiff, in pursuance of said agreement, executed and delivered to defendant a warranty deed of said land, which defendant accepted ; but that plaintiff had not paid the $52 to Field.

There was no controversy as to the terms of the contract, the parties agreeing that it was in accordance with plaintiff's testimony. Defendant gave in evidence the deed executed by plaintiff.

After the testimony was all in, defendant requested the court to direct a verdict for him, for that there was a variance between the contract alleged and the contract proved ; but the court refused ; to which defendant excepted.

Defendant requested the court to charge that plaintiff was not entitled to recover under the declaration, for breach of the contract proved, for that the contract proved was not the contract alleged ; that plaintiff's testimony had no tendency to support the

declaration ; that in order to recover under the declaration, plaintiff should have proved such a contract, including such a consideration as was alleged.

The court refused so to charge, but charged that there was no such variance as to prevent recovery under the declaration. To the refusal to charge as requested, and to the charge given, defendant excepted.

Verdict for plaintiff. Defendant moved in arrest of judgment for the insufficiency of the declaration, in that it did not allege a sufficient consideration, and for other apparent defects, without specifying them ; but the motion was overruled, and judgment rendered upon the verdict ; to which the defendant excepted.

*A. V. Spaulding* and *R. H. Start*, for the defendant.

The contract alleged was, to pay a debt of $60, while the one proved was, to pay a debt of $52. There was, therefore, a fatal variance between the declaration and the proof. *Wright* v. *Geer*, 6 Vt. 151 ; *Vail* v. *Strong*, 10 Vt. 457 ; *Gates* v. *Bowker*, 18 Vt. 23 ; *Allen* v. *Lansing*, 10 Vt. 114 ; *Clark* v. *Todd*, 1 D. Chip. 213 ; 1 Greenl. Ev. s. 66 ; *Bissell* v. *Drake*, 19 Johns. 66 ; *Watson* v. *Osborn*, 8 Conn. 363 ; *Wilmot* v. *Munson*, 4 Day, 114 ; *Drake* v. *Watson*, 4 Day, 37. The fact that the amount is alleged under a *videlicet* will not dispense with exact proof, because the allegation is an allegation of material matter, and is descriptive, and relates to the identity of the contract. 1 Greenl. Ev. s. 60 ; *Ladue* v. *Ladue*, 16 Vt. 189 ; 1 Chit. Pl. 317, 318, n. 1.

There is also a fatal variance in that by the contract alleged, defendant promised to pay a certain debt to one Field, while by that proved, defendant promised to pay four certain mortgages, a certain debt of $52 to one Field, and his own debt of $62. 1 Greenl. Ev. ss. 66, 67, 68 ; 2 Sm. Lead. Cas. 1011, *et seq. ; Kellogg* v. *Denslow*, 14 Conn. 412 ; *Kyes* v. *Dearborn*, 12 N. H. 52 ; *Maine* v. *Bailey*, 15 Conn. 298 ; *Whitker* v. *Smith*, 4 Pick. 83 ; *Symonds* v. *Carr*, 1 Camp. 362, n. a ; 1 Phil. Ev. (4th Am. ed.) 209.

It cannot be said that the variance was not sufficiently pointed out. *Mann* v. *Birchard*, 40 Vt. 339 ; *Hill* v. *Marlboro*, 40 Vt.

648. The court ought therefore to have complied with defendant's request to direct a verdict, or at least to have given the instructions asked for. The defendant is entitled to have the question of variance passed upon by this court. *Hills* v. *Marlboro*, 40 Vt. 648.

The declaration discloses no sufficient consideration to support the defendant's promise. The consideration stated does not appear to be of any benefit or value to defendant, nor any detriment to plaintiff; hence, the promise is *nudum pactum*. *Harding* v. *Cragie*, 8 Vt. 501; 1 Chit. Pl. 293, 294. No time was alleged when plaintiff deeded the land to the defendant. The motion in arrest ought therefore to have been sustained.

*E. B. Taft* and *H. S. Peck*, for the plaintiff.

It is sufficient to state only those parts of the contract whereof a breach is claimed. 1 Chit. Pl. s. 304; *Allen* v. *Goff*, 13 Vt. 148. If the legal effect of the contract be stated correctly, the law is complied with. Therefore, the contract here alleged contained all that was essential to recovery. It was in legal effect identical with the one proved.

The real consideration was the payment of the Field debt. *Allen* v. *Lyman*, 27 Vt. 20.

The judgment fully protects both parties in reference to the matter actually litigated. *Peck* v. *Thompsons*, 15 Vt. 644; *Britnall* v. *S. & W. R. R. Co.*, 32 Vt. 673.

But at any rate objection came too late. The question should have been raised at the close of plaintiff's testimony, when the defect might have been cured by amendment. *Spangler* v. *Springer*, 22 Penn. 460; *Exrs. of Shoenberger* v. *Hackman*, 37 Penn. 92; *Morey* v. *King*, 49 Vt. 311; *Phelps* v. *Conant*, 30 Vt. 283.

Defects in the declaration apparent on its face, whether of form or substance, are cured by verdict. 1 Chit. Pl. s. 673; *Martin* v. *Blodgetts*, 1 Aik. 377; *Battles* v. *Braintree*, 14 Vt. 348; *Hendrick* v. *Seeley*, 6 Conn. 179; *Ward* v. *Bartholomew*, 6 Pick. 413; *Worster* v. *Proprietors of Canal Bridge*, 16 Pick. 549.

The opinion of the court was delivered by

DUNTON, J. The defendant claims that there is a fatal variance between the contract or agreement set forth in the declaration and the one proved on trial.

I. While in stating the consideration of a promise or contract it is necessary that the entire consideration should be set forth in the declaration, the rule is different as to stating the defendant's agreement. It is only necessary to set forth in the declaration, with correctness, the particular promise or part of the agreement for the alleged breach of which suit is brought. This the plaintiff did, except as to the amount of the debt the defendant agreed to pay; and the omission to set forth the promise or agreement to pay the other mortgages and debt constitute no variance. 1 Chit. Pl. 316; *Allen* v. *Goff*, 13 Vt. 148; *Morrill* v. *Rickey*, 18 N. H. 295; *Favor* v. *Philbrick*, 7 N. H. 326.

The declaration alleges "that the defendant * * * promised the plaintiff that, if she would deed to him certain land, &c., the defendant would, in consideration thereof, pay a certain debt which the plaintiff was owing to one George E. Field * * * of the sum of, to wit, sixty dollars." The declaration was supported by the testimony, except as to the amount of the debt in question, which was shown by the evidence to be fifty-two dollars instead of sixty, as alleged in the declaration. The amount of the debt being averred under a *videlicet*, we do not think the plaintiff was bound to prove the exact sum as laid. The purpose for which matter is so alleged is, that the party pleading it may not be strictly bound by it; and a *videlicet*, when followed by numbers or amount, often indicates that the pleader has not attempted to state the sum with precision. *Crispin* v. *Williamson*, 8 Taunt. 107; *Bray* v. *Freeman*, Ib. 197; *Cooper* v. *Blick*, 4 A. & E. n. s. 915; 1 Chit. Pl. 313, 316.

A *videlicet*, however, will not avoid a variance in an allegation of material matter which is of the essence of the contract or description, and essential to its identity. Says Starkie: " In cases of contract, the allegations of sums, magnitude, and duration are

usually in their very nature essential to the identity of the contract; they are therefore descriptive, and must in general be proved as laid, unless the mode of averment shows that the party did not profess to state the sum, magnitude, number, &c., precisely." 1 Stark. Ev. 447; *Bray* v. *Freeman, supra.*

In this case, although the amount alleged is descriptive of the debt in question, the mode of its averment shows that the pleader did not attempt to state the sum precisely; and the debt being also described as "a certain debt the plaintiff was owing to one George E. Field," we do not think the amount alleged so essential to the identity of the contract as to make the variance fatal.

II. The alleged defects in the declaration sought to be reached by the motion in arrest of judgment are, 1. No sufficient consideration is stated for the alleged promise; 2. The allegation as to deeding the land to the defendant is defective in not stating the time it was done.

We fail to see why a sufficient consideration to support the alleged promise is not set forth in the declaration; and the omission to state the time the land was deeded to the defendant could only be taken advantage of, if at all, by special demurrer. After verdict, the court will support the declaration by every legal intendment. Such defects as complained of, are cured by the verdict. *Hendricks* v. *Seeley,* 6 Conn. 176; *Richardson* v. *Eastman,* 12 Mass. 505; *Morey* v. *Homan,* 10 Vt. 565.

Judgment affirmed.