# BRIDGET FARRELL

v.

# AMERICAN EMPLOYERS' LIABILITY INS. CO.

JANUARY TERM, 1896.

*Variance. Policy of insurance. Consideration. Conditions. Payment of premium.*

1. In the supreme court no ground of variance, unless it goes to the right of action, can be insisted upon, which was not taken in the court below.

2. The declaration alleged that the consideration for the defendant's promise was "the warranties contained in the application" and "the order for money on the Central Vermont Railroad Co." The policy stated that it was issued upon the above considerations, and further provided that it should not remain in force unless the order was paid or money left with the paymaster of the railroad company for its payment. *Held*, no variance.

3. A declaration need only set forth the promises relied upon and those only according to their legal effect when applied to the alleged facts. A failure to set forth promises not relied upon does not constitute a variance.

4. In a suit upon a policy of insurance those conditions and agreements which are collateral to the plaintiff's right of recovery need not be set forth.

5. If the policy provides that it shall not continue in force unless the amount of an order on a certain railroad company is paid or left with the paymaster of the company, it is incumbent on the plaintiff to prove that the amount has been so paid or left with the paymaster, and that the insured continued to work for the company is not evidence tending to show that fact.

Assumpsit. Plea, the general issue. Trial by jury at the March term, 1895, Rutland county, Thompson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The suit was upon a policy of accident insurance. The alleged accident resulted in the death of the insured, and this suit was brought by his wife. The material parts of the policy were as follows :

"This policy witnesseth, that in consideration of the warranties contained in the application therefor, and of an order of moneys therein specified on C. V. R. R., the American Employers' Liability Insurance Co. (herinafter called the company) does hereby insure Martin Farrell, (hereinafter called the insured,) classified by occupation as three, (3,) for the period below specified, beginning at noon of the day this policy is dated :

"First. In the event of injuries resulting in death through external, violent and accidental means, one year's wages.

"Second. In the event of injuries, which shall be the direct and sole cause of the loss, by actual separation, at or above the ankle or wrist, of both feet or both hands, or of one hand and one foot, or of the permanent loss of sight of both eyes, one year's wages.

"Third. In the event of injuries which shall be the direct and sole cause of the loss, by actual separation, at or above the ankle or wrist, of one hand or one foot, one-half year's wages.

"Fourth. In the event of injuries, which shall immediately and wholly disable the insured from prosecuting any and every kind of business pertaining to his occupation above stated, full weekly wages for a period not exceeding fifty-two (52) weeks.

"Fifth. Medical attendance during any period of disability resulting from accident.

"Sixth. Funeral expenses in the event of death resulting from accident. Payment under items first, second, or third shall terminate the policy, and the whole amount payable shall not exceed $3,000.

"Provided, that in the event of injury to the insured, be-

fore the payment of said premium or any installment thereof, the same shall be deducted from the amount payable in the adjustment of any claim.

"Provided further, that the payments specified in the order are premiums for consecutive periods of two, two, three and five months, and which shall apply only to its corresponding insurance period. In case the insured shall fail to pay or leave in the hands of the paymaster, the installments of premium, as agreed in said order, this contract shall be void.

"In case of death, under the provisions of this policy, the company will pay the amount provided for under item first, to Mrs. M. Farrell, wife, if surviving, or, in the event of her prior death, to the legal representatives or assigns of the insured."

Upon the policy were the following "agreements and conditions under which this policy is issued and accepted:"

"First. Upon the occurrence of any accident in respect of which a claim is made under this policy, immediate written notice thereof, in form prescribed by this company, shall be given forthwith to the company, at its office in the city of New York, or to the resident managers whose names appear hereon, which notice shall contain all particulars thereof, and full name and address of the insured. If affirmative proof of such claim or claims is not furnished the company within seven months from the date of said accident, all claims based thereon shall be forfeited to the company.

"Second. The company may cancel the policy at any time, by written notice to the insured, and will, on demand, refund a *pro rata* amount of the premium paid.

"Third. Any medical adviser of the company shall be allowed, as often as he requires, to examine the person or body of the insured in respect to any alleged injury.

"Fourth. The terms and conditions of this contract cannot be waived by agents.

"Fifth. Any legal proceedings for recovery under this contract must be commenced within six months where it is claimed the insured, or representatives, are entitled to the principal sum of the contract; and in case of weekly indem-

nity, within three months after disability ceases, or within fifteen months after the occurrence of the accident on account of which claim arises.

"Sixth. Any claim shall be subject to proof of interest, and no assignment of interest under this contract shall be made unless the consent of the company is formally endorsed thereon by an officer of the company; otherwise, the company shall not be responsible for the validity of such an assignment.

"Seventh. If the insured is fatally or otherwise injured in any occupation or exposure, classed by this company as more hazardous than that herein stated, this company's liability shall be for such benefits as the premium paid by him will purchase at the rates fixed for said increased hazard. Immediate notice of change of occupation must be given to the company or its resident managers."

The declaration alleged that

"The defendant did make, execute and deliver to Martin Farrell of said Clarendon, its certain policy of insurance upon the life of said Martin Farrell against certain accidental injuries as therein specified, which said policy was numbered 16013, was signed by John Macrae, secretary and general manager for said defendant company, and was countersigned by one N. F. Clark, special agent of said defendant, and thereby and therein, in consideration of the warranties contained in the application thereof, and of an order for moneys, therein specified, on the Central Vermont Railroad Company, the said defendant did thereby insure the said Martin Farrell, classified by occupation as 'three,' for the period thereinafter specified, to wit., for the period of one year, beginning at noon on the day said policy was dated, to wit., on said first day of July, 1893.

"And therein and thereby the said defendant did promise, in the event of injuries resulting in the death of said Martin Farrell through external, violent and accidental means, to pay one year's wages, to wit., the sum of $480, to Mrs. Farrell, wife of said Martin Farrell, if surviving.

"And the plaintiff avers that at the time of the making and delivery of said policy, to wit., on said first day of July, 1893, she was the wife of said Martin Farrell, and continued to be his wife up to the time of his decease, as hereinafter

set forth, and that she now survives him, and is the person to whom the defendant undertook and promised to pay said sum of money in the event of injuries resulting in the death of said Martin Farrell, as above set forth.

"And at Clarendon aforesaid, at the time of making said policy, to wit., on the first day of July, 1893, the said Martin Farrell paid to the defendant the sum of $14.40, being the full amount of the annual premium thereon, and accepted and received said policy, and thereafterwards, so long as the said Martin Farrell lived, he complied with all the conditions and requirements of said policy on his part.

"And thereafterwards, to wit., on the 25th day of September, A.D. 1893, at Clarendon aforesaid, the said Martin Farrell was struck violently upon the chest by a large block of coal and was thereby severely injured, from which injuries the said Martin Farrell thereafterwards, to wit., on the same day, died.

"And the plaintiff thereafterwards, on the fifth day of October, A. D. 1893, did make and file in the home office of the defendant, in the city of New York, full, complete and perfect proofs of the death of said Martin Farrell, from injuries received through external, violent and accidental means, which said proofs were in writing and in the form prescribed by the defendant, and contained all the particulars of said injuries and death, and the full name and address of the said Martin Farrell and of the plaintiff; and the defendant thereby became and was, by means of the premises aforesaid, liable to pay to the plaintiff the sum of $480, (being the amount of one year's wages of the said Martin Farrell,) and being so liable, the defendant thereafterwards, to wit., on the 10th day of October, 1893, at Clarendon aforesaid, in the county aforesaid, did assume upon itself, and to the plaintiff faithfully promise to pay the plaintiff the sum of money aforesaid when thereto requested.

"Yet, though often requested so to do, the defendant has not paid said sum, or any part thereof, to the plaintiff, but wholly neglects and refuses so to do."

Upon the trial the defendant objected to the introduction of the policy in evidence for that there was a variance in the following particulars :

First.    That the consideration was incorrectly described.

Second.   That  the  promise  alleged  in  the  declaration
was different from that in the policy.

Third.   That  the  declaration  alleged  an  unconditional
promise to pay while the policy contained  seven  conditions
limiting this promise.

The court overruled the objection and admitted the policy,
subject to the defendant's exception.

There was no evidence in the case tending to show that the
plaintiff had paid the order on  the  Central  Vermont  Rail-
road Co., or left the money for its payment, but it appeared
that he was in the continuous employment of that  company
down to the time of the accident.   The  defendant  moved
the court to direct a verdict, for that there was  no  evidence
tending to show such payment.   The court *pro forma* over-
ruled such motion and the defendant excepted.

*Joel C. Baker* for the defendant.

There was a variance.   *Cooledge* v. *Ins. Co.*, 67 Vt. 14.
The  contract was void unless the order was paid.   The
plaintiff must show such payment. *Baker* v. *Ins. Co.* 43 N.
Y. 283 ; *Petts* v. *Ins. Co.*, 100 Mass. 500 ; *Patch* v. *Ins.
Co.* 44 Vt. 481 ; *Attorney-General* v. *Ins. Co.*, 93 N. Y.
70 ; Wood's Fire Ins., s. 507 ; Ellis Ins. 93 ; *Craig* v. *Ins.
Co.*, 1 Pet. C. C. 410 ; *Wilson* v. *Ins. Co.*, 4 R. I. 159.

*Butler & Moloney* for the plaintiff.

There was no variance.   The conditions were  not  prece-
dent to the plaintiff's right of recovery.   *Cooledge*  v.  *Con-
tinental Ins. Co.* 67 Vt. 14 : *Vavosour* v. *Ormrod*, 6 B. &
C. 30 ; *Tripp* v. *Ins. Co.*, 55 Vt. 100.

Evidence that the deceased continued to work for the
Central Vermont Railroad Co. was *prima facia* evidence
that the order was paid.   *Taylor* v. *Merchants' Fire Ins.
Co.*, 9 How 391 ; May. Ins., 2d ed., 499.

ROSS, C. J.   The defendant in this court, is confined to a consideration of the same variances to which he called the attention of the county court, unless they go to the right of the action.   The county court did not determine, and could commit error in regard to no other variances.   It there claimed :

First.   That a variance existed between the consideration set forth in the declaration, and the consideration in the policy.   The consideration alleged in the declaration is "the warranties contained in the application," and "the order for money on the Central Vermont Railroad Company."   The policy states that the defendant issued it in consideration of the same warranties and order.   There was no variance in this respect.   This was setting forth, accurately, the consideration received for giving the policy.   It was not varied by the subsequent provision, that the sums named in the order must be paid according to the terms of the order, to keep the policy in force for its full term.   These subsequent payments were not the consideration for making and delivering the policy.

Second.   A variance is claimed in regard to the promises of the defendant.   The declaration correctly sets forth the promise of the defendant applicable to the state of facts declared upon.   The policy contains other promises applicable to other and different states of facts which might arise, but which are not set forth nor claimed in the declaration to have arisen; nor is recovery demanded upon these other promises.   The contention that this creates a legal variance between the declaration and the policy cannot be sustained. The plaintiff was obliged to set forth only the promise, or promises, in the policy upon which he sought to recover. *Allen* v. *Goff*, 13 Vt. 148 ; *Ammel* v. *Noonan*, 50 Vt. 402. He need set these forth only according to their legal effect, when applied to the alleged facts on which he bases his right of recovery.   *Bates* v. *Leclair*, 49 Vt. 229.

Third.   It contends that the policy had seven conditions, none of which are set forth in the declaration.   None of these conditions touch the plaintiff's right of recovery except the first.   That provides for notice and proof of loss; and that if the flatter is not furnished within seven months from the date of the accident, all claims based thereon shall be forfeited to the company.   The declaration alleges that these proofs were furnished as required by this condition. The other six conditions and agreements are collateral to the defendant's undertaking and to the plaintiff's right of recovery, and need not be set forth in the declaration. *Cooledge* v. *Continental Ins. Co.*, 67 Vt. 14.   The county court correctly overruled these objections to the admission of the policy in evidence.

There is a provision in the policy

"That the payments specified in the order, are premiums for consecutive periods of *two*, *two*, *three* and *five months*, and which shall apply only to its corresponding insurance period.   In case the insured shall fail to pay, or leave in the hands of the paymaster, the installments of premium as agreed in said order, this contract shall be void."

The order is dated July 1, 1893, and is for the payment of $3.60 that month and for the payment of a like sum monthly, for three succeeding months, from the wages of the insured, for three months respectively.   It is alleged in the declaration, that the assured was injured while in the employ of the railroad company, and died September 25, 1893.   Whether the policy was in force upon that date depended upon whether the second sum named in the order had been paid by the assured, or left in the hands of the paymaster of the railroad company for the defendant, agreeably to the order.   The showing of such payment was incumbent upon the plaintiff, because, by the terms of the contract in suit, the life of the policy and the right of the plaintiff to recover depended upon the insured's compliance with the terms of the order in regard to that payment.   It

was a condition to be performed by the deceased, on which her right to recover depended. It must, therefore, be shown by the plaintiff. *Pitt* v. *Berkshire Life Ins. Co.*, 100 Mass. 500; *Caker* v. *The Union Mut. Life Ins. Co.*, 43 N. Y. 283; *Atty.-Gen.* v. *Continental Life Ins. Co.*, 93 N Y. 70.

The court, therefore, erred in holding that the plaintiff could recover without showing that this payment had been made, agreeably to the terms of the order, and "that if there was a default in the payment of the order it would be a matter of defence." When the plaintiff introduced the policy, as showing her right of recovery, it gave her no such right unless she also showed that it had been continued in force by the payment of the premium falling due for the month of August, agreeably to the terms of the order. The fact that the insured continued to work for the railroad company until the accident, tended to show that he might have earned money enough to enable him to make the payment, but did not tend to show that he made it.

The statement of the counsel for the plaintiff, in the closing argument, excepted to, was unsupported by testimony, was evidently intended to be prejudicial to the defendant, was insisted upon, and ought not to have been made nor allowed. Whether it was of such a character that the verdict should be set aside on account of it, we need not and do not determine, inasmuch as the judgment is reversed for other error.

*Judgment reversed and cause remanded.*