# LAFAYETTE C. POWERS

v.

# NEW ENGLAND FIRE INSURANCE CO.

JANUARY TERM, 1896.

*Fire insurance. • Variance. Collateral conditions. No-*
*tice of loss. By whom given. Waiver of proofs*
*of loss. Account stated. Practice.*

1. The declaration stated that the plaintiff was insured in the sum of one thousand dollars, and the policy provided for insurance not to exceed one thousand dollars. *Held*, no variance.

2. *Held*, that the allegation as to the time when the loss was payable was sufficient.

3. In declaring upon a policy of fire insurance it is unnecessary to notice the collateral stipulations and agreements which are annexed to the policy.

4. If the policy insures property while in a given locality, the locality at the time of the fire must be set forth in the declaration.

5. Notice of the loss given by the agents of the company, at the request of the insured, is sufficient, although the company is not informed and does not know that its agents are acting for the insured in the giving of such notice.

6. If upon being notified of the loss, the company writes that it will at once send its adjuster, and still later within the thirty days for the furnishing of proofs of loss, that its adjuster will be there next week, this is a waiver of the proofs of loss within such thirty days.

7. The condition that no officer or representative of the com-

pany be held to have waived any provision, unless such waiver be endorsed in writing, does not apply to a waiver by the company itself.

8. A recovery may be had upon a count for an account stated if if it appears that a certain claim existed in respect of which an account was stated.

9. If the parties agreed that the defendant should pay two hundred dollars in respect of the personal property destroyed, a recovery of that amount can be had upon the count for an account stated.

10. But since no recovery can be had for the balance of the property destroyed under the special count, and the plaintiff does not request judgment as to the amount agreed upon for the personal property, the entire case will be remanded.

Assumpsit upon a policy of fire insurance. Plea, the general issue. Trial by jury at the September term, 1895, Windham county, TYLER, J., presiding. Verdict and judgment for the plaintiff.

The declaration contained the general counts and, as a part thereof, a count upon an account stated in the following words: "and also in the like further sum of money found to be due from the defendant to the plaintiff upon an account due before that time stated between them."

The plaintiff testified that after the fire, the adjuster of the defendant came to where he was for the purpose of settling the loss, and that at that time the said adjuster agreed that the company should pay two hundred dollars on account of the personal property, that being the entire amount of insurance upon personal property. One other witness testified to substantially the same conversation between the plaintiff and adjuster, and beyond this there was no evidence upon that point.

The other exceptions appear in the opinion.

*Butler & Moloney* for the defendant.

There was a variance between the contract stated in the

declaration and that offered in evidence. *Cooledge* v. *Continental Ins. Co.*, 67 Vt. 14; *Woodstock Bank* v. *Downer*, 27 Vt. 482; *Gotleib* v. *Leack*, 40 Vt. 278; *Man* v. *Blanchard*, 40 Vt. 326; *Hitt* v. *Campbell*, 6 Mo. 109; *Whilaten* v. *Smith*, 4 Pick, 83; *Lown* v. *Winters*, 7 Conn. 263; *Jones* v. *Cooper*, 2 Aik. 54.

No recovery can be had upon the common counts where there are conditions precedent, the performance of which must be stated to show a right of recovery. *Bickford* v. *Ins. Co.*, 67 Vt. 418.

The plaintiff did not give seasonable notice of loss. *Trask* v. *State F. & M. Ins. Co.*, 29 Pa. St. 198; *Edwards* v. *Lycoming Ins. Co.*, 75 Pa. St. 380; *McGowan* v. *People's Ins. Co.*, 54 Vt. 211.

There could be no waiver of any condition of the policy except by endorsement upon the policy. *Smith* v. *Niagara Ins. Co.*, 60 Vt. 682; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Packard* v. *Dorchester*, (Me.) 15 Ins. L. J. 475; *Cary* v. *German-American Ins. Co.* 84 Wis. 80; *Wheaton* v. *North British Ins. Co.* 76 Cal. 415.

*C. C. Fitts* and *Waterman, Martin & Hitt* for the plaintiff.

There was no substantial variance. May on Ins., ss. 505, 151.

Recovery might have been under the general counts. *Bickford* v. *Ins. Co.*, 67 Vt. 418.

TAFT, J. This is an action to recover upon a fire insurance contract. The declaration contains the general counts in assumpsit, and a special count declaring upon the policy.

When the policy was offered in evidence objection was made that the contract evidenced by it varied from the one set forth in the declaration.

I. The first claimed variance is, that it is stated in the declaration that the party was insured to the amount of one thousand dollars, while the provision of the contract is that the party was insured not to exceed one thousand dollars. If the loss amounted to one thousand dollars then he was insured for that sum. In this respect there was no variance. The contract in evidence was in substance the contract declared upon. The party was insured against all loss or damage by fire, such as he might incur, not to exceed one thousand dollars. The case in this respect is similar to *Bates* v. *LeClair*, 49 Vt. 229, in which the declaration was to recover upon a note payable in six months from date, the note offered in evidence being payable *on or before* six months from date. The court held there was no variance.

II. It is further claimed there was a condition precedent in the policy that was not set forth in the declaration. This is not true in fact. By the terms of the contract the loss was not payable until sixty days after proofs of loss had been furnished the defendant. In the description of the contract in the declaration it is alleged that the amount of the loss was ''to be paid sixty days after proofs,'' etc. The contract set forth in the declaration, and the contract offered in proof, in respect to this condition were identical.

III. All of the other claimed variances, (save one) are in respect to collateral stipulations and agreements which are annexed to the contract. It has been held that it is unnecessary in framing a declaration upon such a contract to set them forth or to notice them in any respect. To a great extent, in all cases, they are conditions subsequent and, in that respect, need not be noticed. *Tripp* v. *Bailey*, 55 Vt. 100; *Cooledge* v. *Continental Ins. Co.*, 67 Vt. 14.

IV. The remaining point in respect to variance was well taken. If a contract is conditional it should be declared upon as conditional, not as an absolute one. The allegation in the declaration sets forth a contract to insure the property

generally without reference to its location. The policy in evidence confines the insurance to the building while located in Newfane, or while located and occupied by the plaintiff in the town of Newfane. This condition, as was held in the Cooledge case, should have been alleged in the declaration, and the omission of such allegation requires a reversal of the judgment.

After the testimony in the case was closed the defendant did not desire to go to the jury on any question involved in the case. The plaintiff therefore had the right to have regarded as established, all the facts that his testimony tended to show.

V. It was claimed by the defendant that there could be no recovery because the plaintiff did not forthwith give notice of the loss, to the company in writing. The plaintiff claimed that he had given such notice. His testimony tended to show that immediately after the fire he gave notice of it to the defendant through Sherman & Jenne, the agents through whom the policy was issued. There is no question but that the testimony of the plaintiff tended to show that notice was given immediately after the fire, by Sherman & Jenne, and that the plaintiff was informed of the reply of the company. It was immaterial whether the defendant was informed in express terms that Sherman & Jenne were acting at the request, or in behalf, of the plaintiff, if in fact they were doing so.

VI. The defendant also claimed that proofs of loss were not furnished them within thirty days after the fire, as the contract required. The plaintiff claimed that the production of such proof was waived. The testimony tended to show such facts as estop the defendant from defending upon the ground that the proofs were not furnished. Upon the receipt of the first notice of loss the company wrote Sherman & Jenne in reply to their letter notifying them of the loss, that the same would have the attention of their adjuster in the near future, and within thirty days from the time of the fire they again

wrote him that the adjuster would go to the place and settle the loss the following week, stating the reason why he had not been before.   When notified of this loss, and they promised to send the adjuster for the purpose of settling it, the plaintiff was justified in not making the proofs and waiting the arrival of the adjuster for the purpose of a settlement, and the defendant could not afterwards say, as a reason for non-payment, that the proofs of loss had not been furnished. If they intended at the time to take this position they should have said to the plaintiff, "comply with the terms of your policy by furnishing the proofs of loss." Instead of doing that, they said, we will go to the place and settle the loss. While this might not have relieved him from furnishing the proofs if they had been subsequently demanded, either before or after the thirty days, the plaintiff had the right to rely upon the fact of their promise of settlement without being prejudiced by not furnishing them within the required time.

VII. The defendant relies, in respect to this point, upon a condition annexed to the policy, "that no officer, agent or representative of the company shall be held to have waived any printed or written condition of this policy   *   *   *   * or any forfeiture thereof unless such waiver shall be clearly and specifically endorsed hereon in writing," and in support of this claim cites *Smith* v. *Niagara Ins. Co.* 60 Vt. 682. We have no disposition to depart from the authority of that case.   That relates to the power of any of the officers named, acting without reference to the company; but the conditions inserted in a policy for the benefit of the company may be waived, by the company itself, and we consider the waiver, which the testimony in this case tended to show, the act of the company and not that of the secretary.   The notice of the loss was given to the defendant at its office in Rutland, the reply to the notice was the reply of the company, written, as the exhibits indicate, at Rutland, and was not the act

alone of the writer of the letter. This point therefore is not ruled by the case cited of *Smith* v. *Niagara Ins. Co.*

VIII. It is insisted by the plaintiff that he has a right to recover under the general counts, that one of the general counts, which is called the count for an account stated. If the plaintiff has no right to recover upon the special count, the question arises whether he can upon the count for an account stated. It is declared "for money found to be due from the defendant to the plaintiff on account stated between them." It is unnecessary, in order to support this count, to show the nature of the original debt, or prove the specific items constituting the account, but it must appear that at the time of the account a certain claim existed, of and concerning which an account was stated. A recovery can be had when the account stated is for one item only. It is not essential that there should be cross accounts or reciprocal demands. It has been held that a recovery can be had for an account stated for one item of standing trees after they have been felled and taken away ; that a recovery can be had of a trustee for the sums due in equity after the account of such sums has been stated. The testimony tends to show that the loss on personal property, amounting to two hundred dollars, was arranged between the parties and the account in respect to it stated, and for this sum the plaintiff has a right to recover under the count for an account stated, but there can be no recovery under this count in respect to the other items. As the special count is defective by reason of the variance the judgment must be reversed ; as the plaintiff does not move for a judgment upon the count for an account stated, we infer he does not desire one.

*Judgment reversed and cause remanded.*