Houston v. Jones.

---

## [170] HOUSTON V. JONES.

A bill of exceptions authenticated by bystanders must first show that it had been presented to the judge on the trial, and that he had refused to sign it and certified the cause of such refusal; then the certificate of the bystanders must show on its face that the persons signing were bystanders; that they were present when the facts in dispute between themselves and the judge occurred in court; and must point directly to the matter in issue; the certificate should also be given at the time of the occurrence of the fact; it should then appear whether the judge permitted the bill to be filed; if not, affidavits as provided by the statute should be produced.

Exceptions to opinions or rulings of the court should be reduced to writing and presented at the time the opinion is given or the ruling made. (Note 36.)

All motions in the District Court must be in writing, filed, &c.

Where a judge is of opinion that a bill of exceptions authenticated by bystanders is not true, his duty is to forbid the filing of it, leaving the fact to be ascertained by affidavits, as provided by the statute.

Where a defendant was not served with process in a Justice's Court, but appeared on the day of the trial, after judgment, and took an appeal: *Held,* That he ought to have moved for a new trial.

Error from Gonzales. Suit before a justice, by Jones against Houston. Record of justice did not show that Houston was served. Judgment in favor of Jones; Houston not appearing. Same day Houston appealed. In District Court verdict and judgment for Jones. The trial was on the 23d of April.

## Houston v. Jones.

On the 24th of April there appears to have been filed what was designed to be a bill of exceptions, authenticated by bystanders. It sets out that the defendant had moved the court to dismiss the cause, on the ground that the process of the justice of the peace had not been served, and that the defendant was not thereby allowed an opportunity to file set-offs, not knowing of the trial; that the motion was overruled and the trial proceeded; and that after the plaintiff had read his note to the jury, defendant's counsel offered to file and prove an account of set-offs and payment, but it was objected to, on the ground that it had not been filed before [**171**] the justice of the peace, and the court sustained the objection. Then followed, "This bill of exceptions was presented to the Hon. F. Jones, in my presence, by A. Neil, attorney, and he refused to sign the same as made out above. F. Chenault, April 24th, 1849." Under which was the following: "We, the undersigned, certify this bill of exceptions as true, April 24th, 1849. Rolla M. Davis, M. Heskew, sheriff, C. E. DeWitt." There was no motion to dismiss, in the record, nor was any account filed by defendant.

*Neill*, for plaintiff in error. The plaintiff in error was not served with process to appear before the justice; had therefore no opportunity to file his set-offs. The District Court, instead of correcting the wrong brought to the notice of the court, go on to trial and thereby preclude the plaintiff in error from filing and proving his account of set-off, because they were not filed in the court below. This is the whole matter presented in the record; and there is such obvious error therein that we conceive it as absurd to dwell upon it. We refer to the following sections : Sec. 56, p. 376, acts of 1846, as to the introduction of claims; secs. 53, 54, p. 177, sec. 31, p, 171, as to appeals; sec. 101, p. 391, Id., as to bills of exceptions. See also Worthington *v.* McIntyre, just decided.

*Phillips*, for defendant in error. The record shows that no motion to dismiss was made. The statement contained in the record (pp. 5 to 7) is inadmissible. It is neither a statement of facts nor bill of exceptions. (Acts of 1846, sec. 135, pp. 398, 399 ; Id., sec. 101, p. 391.) It was not signed until the day after the trial. (Acts of 1846, sec. 53, p. 376 ; 1 Tex. R., p. 854, Rule 10, D. C.; Id., p. 851, Rule 18, D. C.) There was an appearance. This estops the party from disputing notice. (3 Phil. Ev., 907 ; 12 Pet. R., 300.)

LIPSCOMB, J. Before considering any matter growing out of [**172**] of what is presented in this paper, we must first determine if it comes up so authenticated as to be received as a part of the record, having all the effect that it would be entitled to had it been signed and sealed as a bill of exceptions by the presiding judge. The act of the Legislature regulating bills of exceptions will be found in section 101 of the act to regulate proceedings in the District Courts passed in 1846, (p. 391,) and is in the following words:

"Whenever in the progress of a cause or the trial thereof either party is dissatisfied with a decision or opinion of the court, he may except thereto ; and on reducing his exceptions to writing and presenting them to the judge for allowance, the judge shall allow and sign his name to the same, if they be true ; and if he refuses to do so, he shall certify in writing the cause of such refusal. If any judge shall refuse to sign a bill of exceptions, such bill may be signed by three bystanders who are reputable inhabitants of the State, and the court shall permit such bill to be filed. And every bill of exceptions signed by the judge or bystanders, and filed in the court, shall form a part of the record in which the same may be filed."

To give a fair construction to the section just cited, it appears to me that, to give the paper presented as a bill of exceptions the effect of a record, it must first show that it had been presented to the judge on trial and his refusal to sign it, and his certificate of the cause of such refusal. It is only necessary to remark that this is not shown. Without this there is no issue of fact pre-

## Houston v. Jones.

sented between the judge and bystanders. This ought to be done, because if the judge believes the bill not true, he is bound to refuse to sign it. Second, the bystanders must certify the bill on such refusal. How are they to certify? As in the paper presented? The affirmative could not for a moment be seriously insisted on. The certificate must show on its face that these persons were bystanders; that they were present when the disputed fact between the judge and themselves occurred in court, and their certificate should point clearly to the matter in issue. [**173**] The certificate is further objectionable in this: that they say that they "*certify the bill of exceptions as true.*" Now, the paper certified by them sets out matter which, if true, should appear on the record before any opinion of the court was called for, and was not of a character to be embraced in a bill of exceptions. It states that a motion had been made to dismiss the cause for reasons assigned. If such motion had been made. it ought to have appeared on the motion docket, and not orally. The fifty-third section of the act before referred to is in the following words: "There shall be a motion docket, to be kept by the clerk, in which he shall enter all motions filed in court; the number of the suit in which they are made, if it relates to a suit pending; the names of parties and their attorneys, with a brief statement of the nature of the motion." If it was true that such a motion had been made, it might have been shown independently of the bill of exceptions, and the disposition that was made of such motion would also appear. Again, the certificate should have been given at the time of the occurrence of the fact certified to, when the impression was formed from such fact, without being liable to be molded by the out-of-door opinions as to what those facts were. The paper shows that it was on the 24th that it was presented and certified, and the record shows that the trial was on the 23d of April. It is very easy for persons hearing evidence or a statement of a fact in the court-house to have their opinions and recollections much modified afterwards by conversation with others who profess to have heard the same; and one is sometimes persuaded that he heard the matter incorrectly, or that it had escaped his memory, in relation to some incident; and under such circumstances the account he would give of the transaction would be very materially different from what his statement would have been before he left the court-room and conversed with others. Hence the necessity of his certificate at the time, when free from such influences, and whilst it was fresh in his memory. It is for the same reason that exceptions [**174**] to the opinion of the judge should be reduced to writing at the time the opinion is given or the ruling made.

Again, the section of the act we have cited seems to require that the filing of the papers so certified should be with the knowledge and permission of the judge, and not a mere office act of the clerk. This view seems to be correct, because the subsequent section directs what shall be done if the judge will not permit it to be filed. Affidavits are to be furnished on each side, from which this court will decide on the disputed fact. The judge might well, then, refuse his permission to the filing, on the ground that he did not believe it was true; and if he thought so, it would have been right and proper in him to refuse or withhold his permission to its being filed, leaving the facts in dispute to be ascertained by affidavits, as provided in section 102 of the act. The judge, for aught that appears in this case, knew nothing about the filing of the paper; it was such an entry as the clerk would make on any paper in his office handed to him by one of the counsel. To allow a record to be made of a fact adjudicated is a great innovation; and it would be dangerous to give the law a latitudinous construction. Its requisitions should therefore be strictly enforced. The paper presented, not being authenticated in the way that is believed the law required, cannot be received as a part of the record. The record, stripped of this paper offered as a substitute for a bill of exceptions, shows no errors or grounds for reversing the judgment of the court below.

If it had been in fact shown that there had been no service, and the defendant had had no opportunity to file his defense in the Justice's Court, the spirit of the act requiring such defenses to be set up in the Justice's Court would not

87

have been infringed by allowing such defense to be set up in the District Court, and he ought to have been allowed so to do. The transcript sent up from the Justice's Court, however, shows that he prayed an appeal the same day that the judgment was rendered against him. He did not ask a new trial before the [175] justice, which he ought to have done. There can be no doubt that in truth the citation was served, although the justice failed to show it in his transcript.

NOTE 36.—Jones v. Thurmond, 5 T., 318.