East Line and Red River R'y Co. v. D. P. Smith, Admr.

(Case No. 1891)

1. Carriers—Negligence—Charge.—In a suit against a railroad to recover damages for injuries sustained in an accident, the petition alleged that the wreck was caused, among other things, by the agents of the road putting into the train two large and dangerous box-cars, built for a road of four feet eight inches gauge, whereas defendant's track was only three feet. There was evidence tending to sustain this averment, and in its charge the court instructed the jury that if the wreck was caused by the placing of broad-gauge cars on a narrow-gauge track, or, etc., as alleged, defendant was liable. *Held:*

(1) That the charge must be taken as a whole in order to determine whether or not it was erroneous or misleading, and it must be construed in the light of the issues made by the pleading and evidence.

(2) If the facts stated in the petition in reference to the defects in the cars and their use and the fact that the wreck was caused thereby, were admitted, the court might have declared their use negligence.

(3) It was left to the jury whether or not those facts existed, and whether or not defendant knew, or should have known, of them. The use of the car, with a knowledge of its defect, was inconsistent with the degree of care required of passenger carriers, and the court might so instruct.

(4) Ordinarily the court should inform the jury what the issues to be tried are, rather than to refer them to the pleadings; but a reference to the pleadings, not bearing upon the weight or character of evidence necessary to be adduced to sustain the issues, but merely stating that if the car was put in the train in the unfit and defective condition alleged, etc., the carrier would be liable, was not error.

(5) The question is, is there reason to believe that the jury were misled by the charge? Since the entire charge made the negligence of the carrier the sole ground on which plaintiff could recover, and it is improbable that the jury felt authorized to find for plaintiff if broad-gauge cars were put in the train, without reference to whether they were suitable or defective.

2. Charge—Contributory negligence.—See opinion for charges on contributory negligence held not contradictory, and supported by the evidence.

3. Verdict—Evidence.—See opinion for facts held sufficient to sustain a verdict. A verdict will not be set aside as excessive unless it is so clearly excessive as to authorize the court to declare that the jury must have been influenced by some improper consideration.

4. Damages—Charge.—See statement of facts for charge as to damages held correct.

Appeal from Camp. Tried below before the Hon. B. F. Estes.

This suit was instituted by D. P. Smith, as administrator of L. N. Tetro, deceased, to recover of the East Line and Red River R'y Co. damages, both actual and exemplary, for the wrongful death of Tetro, which it is alleged was brought about by the negligence of the defendant company as follows: That Tetro was on August 7, 1882, a passenger on one of its trains, and on that day, at Scroggin's switch, in Wood county, Texas, the train was wrecked and Tetro killed; that

the wreck was caused, first, by defendant company's agents negligently putting into the train two large and dangerous box-cars which had been built for the Missouri Pacific railway, a road of the gauge of four feet eight inches, whereas defendant's railway track was of the gauge of three feet, and for which the cars were suited; that the cars were not supplied with center castings and side bearings and safety chains; that the cars were unfit and dangerous to be run on defendant's track, which was weak and frail and of light iron and ties, which were in bad repair, and that at the place of the wreck there was a low joint. Second, that the train was not provided with a bell rope. Third, that the train was not provided with a sufficient number of competent and efficient operators. Fourth, that the brakeman and engineer were unskilled and incompetent, and that they failed to stop the train after it left the track. It is also alleged that the train, made up as aforesaid, was run at an unsafe speed at the time and place of the wreck.

The plaintiff alleges that Tetro was a stone-cutter and about twenty-nine years of age; that the beneficiaries in the suit were the wife, daughter, and father and mother of Tetro, to whose support he contributed.

Defendant answers and says the cars used in the train were suitable and safe; that they were properly constructed; that all the cars and machinery of the train were safe and secure; that the same was run at a proper rate of speed; that the road-bed and track were in good repair, and that the wreck was the result of inevitable accident.

Defendant further says that there was attached to the train a car which was provided for carrying passengers; that plaintiff, instead of occupying this car, went into the baggage car and occupied a seat in it near a large open door; that the baggage car was not a safe place for passengers, and that plaintiff's intestate, by his acts, was guilty of negligence and contributed to his death.

A trial resulted in a judgment for plaintiff for $20,000, of which $15,000 was actual and $5,000 exemplary damages. The exemplary damages were remitted.

Among other things, the court charged the jury: "In estimating the amount of actual damages you will take into consideration only the probable pecuniary loss suffered by the beneficiaries on account of the death of said Tetro; in estimating the same you can consider the age and probable continuance of life of Tetro, and probable amount of money the parties would have received from his services had he not been killed."

*Whitaker & Bonner*, for appellant, on the charge of the court, cited.

R. S., art. 1317; T. & P. R'y v. Murphy, 46 Tex., 356.

On contributory negligence, they cited: Smithwick v. Andrews, 24 Tex., 488; H. & T. R'y v. Clemons, 55 Tex., 88; Rucker v. Mo. Pac. R'y 61 Tex., 502.

*W. J. Singleton* and *Culberson & Culberson*, for appellee, on the charge of the court, cited: R. R. Co. v. Evansick, 61 Tex.; R. R. Co. v. Tankersley, 63 Tex., 3, 24; Armstrong v. Lipscomb, 11 Tex., 649; Hollingsworth v. Holshousen, 17 Tex., 41; Kaise v. Lawson, 38 Tex., 160; R. R. Co. v. Dillahunty, 53 Tex., 212; Houston county v. Dwyer, 59 Tex., 113.

On contributory negligence, they cited: R. R. Co. v. Clemmons, 5 Tex. Law Rev., 625; Prince v. R. R. Co., 5 Tex. Law Rev., 303; Jacobus v. R. R. Co., 20 Minn., 125; Sherman v. R. R. Co. 72 Mo., 62; Burns v. R. R. Co., 50 Mo., 139; O'Donnell v. R. R. Co., 59 Pa., 250; Clark v. R. R. Co., 36 N. Y., 135; R. R. Co. v. Gorbett, 49 Tex., 580; R. R. Co. v. Robinson, 5 Tex. Law Rev., 590; R. R. Co. v. Ormand, Tyler term, 1885.

On the question of excessive damages, they cited: 3 Gra. & Wat. New Trials, 1128, 1135, 1139; Yates v. Miller, 23 Ind., 562; Ward v. Bledsoe, 32 Tex., 251; R. R. Co. v. Randall, 50 Tex., 254; R. R. Co. v. Kindred, 57 Tex., 491; R. R. Co. v. Boehen, 57 Tex., 155; R. R. Co. v. Ormand, 62 Tex., 274; Funston v. R. R. Co., 14 Am. and Eng. R. R. Cases, 640; R. R. Co. v. Moore, 15 Am. and Eng. R. R. Cases, 312; Berg v. R. R. Co., 50 Wis., 419; R. R. Co. v. McDaniels, 107 U. S., 454; Rockwell v. R. R. Co., 64 Barb., 438; Caldwell v. Steamboat Co., 47 N. Y., 282; Shaw v. R. R. Co., 8 Gray (Mass.), 45; R. R. Co. v. O'Donnell, 58 Tex., 27; R. R. Co. v. Randall, 50 Tex., 254; R. R. Co. v. Ormand, Tyler Term, 1885; R. R. Co. v. Kirk, 62 Tex., 227; Whalen v. R. R. Co., 60 Mo., 323; R. R. Co. v. Hardin, 62 Tex., 367; Farish v. Reigle, 11 Gratt. (Va.), 697; R. R. Co. v. Boring, 51 Ga., 582; Boyce v. Stoge Co., 25 Cal., 460; Walker v. Erie R'y Co., 63 Barb., 260.

Stayton, Associate Justice.—The petition alleged many acts of negligence of the railroad company to fix its liability for the injury which resulted from the death of Louis N. Tetro. The averments in regard to the defects in and unsuitableness of the cars called "broadgauge cars," the use of which in the train was alleged to be negligence, were very full. There was evidence tending to sustain the averments in reference to the negligent use of these cars, and it shows that one of them was the first derailed, and that thereby the track was broken and the two following cars thrown therefrom. In one of

the last named cars was the deceased, who was killed in the accident. There was also evidence of the unsound condition of the track.

The case thus standing, one of the paragraphs of the charge given by the court was: "If the said Tetro went upon the defendant's cars as a passenger, and upon the train, and the same was wrecked, and the said Tetro was killed in the wreck, and if the evidence shows that the wreck was brought about and occasioned by the bad and defective condition of defendant's railroad track, or by placing of broad-gauge cars into the train in which Tetro was, or by dangerous condition of the cars, or on account of the want of sufficient number of suitable train-men, or by the want of proper machinery and appliances for the cars in the train, all as alleged, or if the train was wrecked by any or all the causes combined, and if the defendant knew of the cause and defects which produced the wreck, or might have known them by the exercise of care, diligence and caution on its part, and it is not shown that Tetro brought about his own death by his own negligence, as averred by defendant, then the defendant is liable to plaintiff in actual damages."

The giving of this charge is assigned as error, and the sole ground on which it is claimed that it was erroneous is that thereby the court in effect charged the jury that the placing of broad-gauge cars in the train was negligence, and that this was a violation of the rule which forbids a judge to charge upon the weight of evidence. The court in preceding parts of the charge, and in fact throughout the charge, informed the jury that the right of the plaintiff to recover depended upon whether the negligence of the defendant caused the injury.

The charge must be taken as a whole in order to determine whether or not it was erroneous or misleading, and it must be construed in the light of the issues made by the pleadings and evidence. In this case the pleadings set out very fully the acts and facts which were alleged to constitute negligence in the defendant, and in relation to the liability arising from the use of the "broad-gauge" cars. Did the charge do more than inform the jury that if the wreck was caused by the use of the cars having such known defects as were charged in the petition, then their use would constitute such negligence as would entitle the plaintiff to recover?

If the facts stated in the petition in reference to the defects in the cars and their use, and the further fact that the wreck was caused thereby, be admitted, then we are of the opinion that the court might have declared their use negligence. The facts were not admitted, but it was left to the jury to determine from the evidence whether they existed as charged in the petition.

The charge made it necessary to a recovery, not only that there should have been defects which caused the wreck, but that it should further appear that the defendant knew of the defects, or had the means of knowing of them, which by the exercise of care, diligence and caution on its part, would have brought actual knowledge. Whether the defendant had this knowledge, or means of knowledge, was left to the jury to be determined.

If, in any case, it be admitted that a carrier of passengers has notice of a defect in its cars, which are used in trains on which passengers are transported, and that, without curing the defect, it continues to use them, can it be held if a wreck occurs therefrom that it is not the result of the carrier's negligence? The continued use of such a defective car, with a knowledge of its defect, by which the lives of passengers may be imperiled, is utterly inconsistent with that high degree of care required of passenger carriers, and a court may so instruct a jury.

The court should ordinarily inform the jury what the issues to be tried are, rather than to refer them to the pleadings to ascertain that fact, and in this case we think this was clearly done in the several charges given. The reference made to the pleadings had no bearing upon the weight or character of evidence necessary to be adduced to sustain the issues made, but only went to the point that if the cars were put into the train in the unfit and defective condition alleged in the pleadings, with knowledge on the part of the carrier of such unfitness and defects, then the carrier would be liable for such injury as resulted therefrom.

The reference to the allegations made was for the express purpose of limiting the effect of the more general language now complained of, and to inform the jury that the alleged unfitness or defects must have existed to render the carrier liable on account of having placed the broad-gauge cars in the train. The question in cases of this kind is: Is there reason to believe that the jury were misled by the charge? Looking to the entire charge given, in which negligence of the carrier, its officers, agents and employes, is made the sole ground on which the plaintiffs could recover, we think it highly improbable, if not impossible, for a jury of ordinary intelligence to have understood from the charge that they were authorized to find for the plaintiffs, if broad-gauge cars were put in the train, without reference to whether they were suitable or unsuitable, defective or not defective.

The fourth assignment of error is: "The court erred in paragraph thirteen of its charge, which reads as follows, and other parts of its charge of similar effect: 'If you believe from the evidence that at

the time of the wreck the deceased, Tetro, was in, and was occupying what is called the baggage or express car, and you believe from the evidence that defendant used said baggage or express car for the use of the public, then the defendant is nevertheless responsible, if the death of the said Tetro was caused by the negligence of defendant or its agents, officers and employes, and plaintiff here can recover.' Because said charge is inconsistent and contradictory of the instruction immediately preceding same, and other portions of the charge, and was misleading to the jury. Said instruction should have gone further, and charged the jury in the same connection, that if Tetro was in said car, and being there, occupied a position therein which was obviously dangerous, and one that a prudent man would not have occupied under the circumstances, and was injured or killed by reason thereof, then the plaintiff cannot recover."

The thirteenth paragraph of the charge found in the record is as follows: "If you believe from the evidence that at the time of the wreck the deceased, Tetro, was in, and was then occupying what is called the baggage or express car, and you believe from the evidence that defendant company used said baggage express car as a passenger car, and that defendant used said car as a smoking car for the use of the public, then the defendant is nevertheless responsible, if the death of said Tetro was caused by the negligence of defendant, or its agents, officers and employes, and here can recover."

The objection urged against this charge in brief of counsel is same as set forth in the assignment. The paragraph which immediately preceded that complained of is: "If, notwithstanding any consent or permission on the part of defendant's agents, the said Tetro was, at the immediate time of the accident, sitting in the baggage car, and in a position of obvious danger, which was the cause of his death, and if such position was so obviously dangerous that a person of ordinary prudence and caution would not have taken such position, then plaintiff cannot recover."

We see no contradiction in these charges, the one is but the proper qualification of the other, and just such qualification as the appellant claims should have been made. Other parts of the charge, with the utmost fairness and fullness, instructed the jury as to the rights of the respective parties, growing out of the fact that Tetro may have been in the baggage or express car, at the time of the accident, with or without invitation of the company, express or implied, and as to their rights, if Tetro unnecessarily occupied a position of danger. That all the law bearing upon these questions was not given in the same paragraph, certainly furnishes no valid objection to it.

The evidence was conflicting as to whether Tetro was in the baggage or express car, or in the passenger coach, at the time of the accident; but the uncontradicted evidence shows that the company used the baggage or express car as a passenger and smoking car.

The fifth assignment calls in question the sufficiency of the evidence to sustain the verdict. The issues were fairly submitted to a jury upon evidence which showed, with all reasonable certainty, that the track of the defendant was unsound and not in safe condition at the time and place at which the accident occurred, and the circumstances of the accident were sufficient to show that it resulted from that fact. There was also evidence from which the jury might have found that it was unsafe to use the two cars called "broad-gauge" cars on the defendant's road. Whatever conflict there was in the evidence, it was the peculiar province of the jury to weigh it all, and to find as they believed it preponderated. This they doubtless did, and there is nothing in the record to enable us to declare that the deceased did not come to his death through the negligence of the defendant.

The judgment as it now stands is for $15,000, and it is urged that it is so clearly excessive that this court should set it aside. The injury complained of is one of such a nature that it is impossible for a court to nicely weigh and accurately adjust, as may be done in some other classes of cases, the compensation which the beneficiaries ought to receive. The deceased was a young and robust man, with probabilities of a long life. He was a skilled workman, whose loss cannot be measured solely by the remuneration he had received in the past for his labor.

The charge of the court correctly informed the jury as to the manner in which they would determine the compensation to which the beneficiaries would be entitled. This they have declared, and in the absence of something indicating that their verdict is not purely the result of their honest convictions as to the compensation the beneficiaries ought to have, based on the evidence, this court has neither the right nor power legally to set the verdict aside. The judgment may seem to us for a larger sum than ought to have been given, but we are not prepared to say that the verdict and judgment are so clearly excessive as to authorize this court, from that fact, to declare that the jury must have been influenced by some improper considerations in coming to the result which they reached.

We find no error for which the judgment ought to be reversed, and it is affirmed.

AFFIRMED.

[Opinion delivered November 3, 1885.]