## ANNA GREEN v. HOUSTON ELECTRIC COMPANY.

### Decided October 13, 1905.

**1.—Negligence—Carrier of Passengers—Charge.**

In an action by a street car passenger for negligent personal injuries a charge was error which defined negligence as the want of or failure to use ordinary care, instead of such a high degree of care as would be used by very cautions, prudent and competent persons under similar circumstances.

**2.—Allegation and Proof—Personal Injuries.**

In an action for personal injuries wherein plaintiff's petition alleged that prior to the injuries she was a sound, healthy woman, it was error for the charge to make her right to recover dependent upon proof of such descriptive allegation.

**3.—Personal Injury—Damages—Pleading and Proof.**

Where in an action for personal injury plaintiff alleged that prior to the injury she was a sound and healthy woman, and there was evidence to the effect that her condition at the time of the trial was no worse than it was before the injury, and that she was prior to the injury weak and sickly, this could not preclude recovery for such physical and mental suffering and such expenses as were the direct result of the injury.

**4.—Same—Aggravation of Injury—Pleading.**

In order to recover damages for aggravation of a previously diseased physical condition it is not necessary that plaintiff's petition should allege such previous condition.

**5.—Assignment of Error—Statement.**

An assignment of error will not be disregarded because the statement thereunder, which contains all there is in the record bearing on the question presented, also contains other matter not germane thereto.

Appeal from the District Court of Harris.   Tried below before Hon. Norman G. Kittrell.

*Lovejoy & Malevinsky* and *Guynes & Colgin,* for appellant.—1.  The pleadings and evidence disclosing a case of passenger and carrier, it

was an affirmative error for the trial court to instruct the jury that the exercise of ordinary care on the part of the railroad company would relieve it from liability. Parvin v. Railway, 54 S. W. Rep., 638; Railway v. Rogers, 89 Texas, 680; Railway v. Harrison, 73 S. W. Rep., 39; Railway v. Arrington, 70 S. W. Rep., 551; Gallagher v. Bowie, 66 Texas, 266, 17 S. W. Rep., 407; Railway Co. v. Welch, 86 Texas, 203, 24 S. W. Rep., 390, 40 Am. St. Rep., 829; Railway Co. v. Kennedy, 12 Texas Civ. App., 654, 35 S. W. Rep., 335; Railway Co. v. Brown, 16 Texas Civ. App., 93, 40 S. W. Rep., 608; Railway Co. v. Halloren, 53 Texas, 53, 37 Am. St. Rep., 744.

2. It is not essential to a recovery that a plaintiff should prove by a preponderance of the evidence a condition before injury alleged in her petition that was merely descriptive. Even though Mrs. Green may not have been a sound, healthy and active woman, yet, nevertheless, she was entitled to recover if the jury believed from the evidence that, by reason of defendant's negligence, she received injuries, substantially at the time and place and in the manner as alleged by her, without fault on her part. 1 Fetter on Carriers of Passengers, 317; 2 Fetter on Carriers of Passengers, 1083; 2 Shear. & Red. on Negligence, pp. 1272, 1273; Railway v. Hecht, 17 N. E. Rep., 297.

*Baker, Botts, Parker & Garwood,* for appellee.—The plaintiff, having alleged that prior to the accident she was a sound, healthy and active woman, and that her condition since the accident, and at the time of the trial, was caused by the injuries which she received, she can not recover, if the evidence shows that, prior to the accident, she was suffering from a nervous or neurasthenic condition or disease, and that the effect of the accident, or injuries was merely to aggravate and make worse the already existing diseased condition; and this is true, because, having alleged her present condition was the result of her injuries, she could not abandon these allegations and recover on a different cause of action showing that her present condition was merely an aggravation of a diseased condition already existing and antedating the accident. Watson on Damages, sec. 206, p. 250; Fuller v. Mayor, 92 Texas, 197; Wilkinson v. Detroit Steel Works, 73 Mich., 405; Thurston v. Loose, 61 Mich., 292; Haywood v. Railway, 12 Texas Ct. Rep., 297.

REESE, ASSOCIATE JUSTICE.—Appellant sues to recover of appellee damages for injuries alleged to have been received by her while getting on one of appellee's cars. Appellee owns and operates a line of street railway in the city of Houston, and it is alleged in the petition that while appellant was in the act of getting on one of its cars, and before she had gotten entirely in the car, it was, by the person in charge, negligently started with a violent jerk and without any warning to appellant, the effect of which was to throw her violently against the end of the seat and to inflict upon her injuries, for which she claims damages in the sum of $3,500.

Defendant answered by general demurrer and general denial. There was a verdict and judgment for the defendant. Her motion for a new trial having been overruled, she appeals.

Appellant, in her first and second assignments of error, complains

of the charge of the court in its definition of negligence, as "the want or failure to use ordinary care, that is, that degree of care which an ordinarily prudent person would use under like circumstances, to avoid injury or accident." The evidence shows that if appellant was injured at all, she was, at the time, a passenger on the car of appellee, a common carrier, and this is the allegation of her petition. The charge is erroneous in defining the degree of care required of appellee, which is, in substance, "such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent and competent persons under similar circumstances." Railway v. Halloren, 53 Texas, 53; International & G. N. Ry. Co. v. Welch, 86 Texas, 203.

The jury were instructed in paragraph 6 of the charge that appellant's right to recover was dependent upon their belief that she was a sound, healthy and active woman prior to the injury. This placed upon appellant the burden of proving, as an essential element of her right to recover any damages whatever, the descriptive allegations of her petition that she was, prior to the alleged injuries, a sound, healthy and active woman. We think this charge was error. Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 104.

The jury were further instructed that the plaintiff would not be entitled to recover if they believed that her physical condition at the time of the trial was not the result of the injury alleged, or if they believed that it arose from other causes prior to the injury. While it is true that there was evidence which tended to show that appellant's general physical condition at the time of the trial was no worse than it had been for several years, and previous to the date of the alleged injury, and that instead of having been, previous to such injury, a stout, healthy and active woman, as alleged by her, she was weak, sickly and not capable of physical labor, still if this testimony had been true, and if her general physical condition at the time of the trial had been no worse than it was before the alleged injury, it would not have precluded her from recovering for such physical and mental suffering, incapacity to attend to her affairs, etc., as alleged, if any, as were immediately consequent upon such injury and the direct result thereof, and in addition such expenses, if any, as were incurred for medical attendance on account thereof, if in fact she had been injured as alleged in her petition and testified to by herself and other witnesses. If the jury had believed that the accident occurred, as testified to by appellant and Mrs. Finch, and that she sustained damages and incurred expenses immediately consequent thereupon and the direct result thereof, such matters, under the instruction referred to could not have been considered by the jury if they further believed that her general physical condition was no worse at the time of the trial than previous to the injury. This is not the law, and the charge referred to was error. In each of these instructions the right to recover for whatever damages on account of mental and physical suffering, if any, appellant may have sustained immediately consequent upon the accident and injury complained of, and not affecting her general physical condition at the time of the trial, is denied. These objections to the charge of the

court are presented by sufficient assignments of error and must be sustained.

The eighth paragraph of the court's charge is as follows, and is assigned as error: "In this connection you are further instructed that as plaintiff alleges that her injuries and present condition were produced and caused by the negligence of defendant's servants in charge of the car, she is required to prove this allegation by a preponderance of the evidence, and if you believe that the accident occurred at the time and place alleged, but believe that before that time the plaintiff was in a diseased and nervous condition, whereby her system was already permanently or seriously injured, and that her present physical condition is only a continuation or aggravation of the already existing condition, you will find for defendant." Appellee insists that this instruction announces a correct rule of law. Its contention is that appellant, having alleged in substance that she was, prior to the accident, a sound, healthy and active woman, that her injuries were entirely produced by the accident complained of, and having supported the allegations of her petition by her testimony, and there being testimony tending to show that she was in fact physically weak and unsound before the accident, she is not entitled to recover damages for such injuries produced by the accident as only aggravated a previously diseased or unsound physical condition.

The gravamen of appellee's argument is that appellant must be confined to the case made by her petition, which is that of injuries produced by the accident upon a sound, healthy and active person. In support of these contentions several authorities are cited. The strongest case cited and the one announcing in the most positive terms the doctrine contended for, is Wilkerson v. Detroit Steel Works, 73 Mich., 405. The quotation in appellee's brief from Watson on Damages is in itself a quotation from the opinion in the above case. We have not had access to this last authority, but note that in the quotation in the brief the author states that "on the other hand, it has been decided that the plaintiff may show his delicate state of health at the time of the injury complained of, and the fact that the consequences are more serious than they would have been had he been in robust health, without special allegation of such facts in his petition."

In the Wilkerson Case, *supra,* the facts appeared to be that the plaintiff was partially paralyzed and had epileptic fits, which were alleged in the petition to have been produced by the injuries complained of. Defendant introduced evidence to show that both the paralysis and the epilepsy existed prior to the accident. The defendant requested the court to instruct the jury "that if they believed from the evidence that the plaintiff had paralysis before the building fell upon him, then he can not, under the declarations and evidence in this cause, recover for such paralysis, or any aggravation of the same produced by the building falling upon him; and if they believed that the plaintiff had epilepsy before the building fell upon him, that he can not recover under the declaration and proofs in this cause, on account of such epilepsy, or any aggravation of the same produced by the building falling upon him." These instructions were refused. With reference to this refusal the Supreme Court says: "We think the court erred, and that

the defendant was entitled to the instructions asked for. The plaintiff's declaration plainly alleges the fits and paralysis to have been caused by the injury received by the roof falling on him. While aggravation of an existing disease or ailment may be shown in evidence, and damages recovered therefor, in cases where the declaration is so framed as to admit of such proof, yet if the plaintiff frames his declaration on the theory that the particular ailment complained of was produced by the act alleged and was the direct result of it, and the plaintiff's proofs are produced upon that theory and are repugnant to the theory of an aggravation of an existing infirmity, the defendant is entitled to have the plaintiff confined in his recovery to the scope of his allegations and proof."

The allegations of appellant's petition on this point are, "that before being injured as aforesaid, plaintiff was a sound, healthy, and active woman, capable of attending to and in fact actually attending to all her domestic and business affairs, but that now, because of her aforesaid wounds and injuries, she is unable to properly attend to her affairs, and in an effort to do so, is forced to suffer great inconvenience and excruciating pains." The effect of plaintiff's testimony was to establish these allegations, while appellee introduced testimony the effect of which was to establish that she was not a stout, strong woman at the time the witnesses knew her, which was some time before the alleged injury; that she was pale and sickly looking, delicate and nervous.

The distinction between such a case and that of the boy Wilkerson, in the Michigan case, who was shown to have been paralyzed and afflicted with epilepsy before the accident by which he was injured, is so marked as to make it questionable whether such a charge as was requested in that case, and which the court says should have been given, would be applicable here, if it be conceded that it laid down the correct rule in that case. There was no specific disease, like paralysis and epilepsy, here—only, according to appellee's testimony, a woman delicate instead of sound, nervous and weakly instead of healthy and active. Sound, active and healthy are comparative terms. None of appellee's witnesses testify that she was not sound, or that she was in any way diseased, nor is it to be gathered from their testimony that her "system was already permanently or seriously injured." We do not think that even, under the doctrine stated in the Wilkerson case, when we consider the language of the opinion in connection with the facts to which it is addressed, the charge of the court in this case now under discussion can be approved. We can not, however, give our assent to a rule which in its logical application would put upon a plaintiff the danger of being turned out of court, if he should not state in his petition every physical weakness or ailment which might be aggravated in its effect by an injury wrongfully inflicted upon him. We can not find that the doctrine referred to has ever been approved elsewhere, and while we have not been able to find any case denying it, it is at least persuasive that in a multitude of cases examined it appears that persons have been held to be entitled to recover damages for aggravation of a previously diseased physical condition where the allegations of the petition made no reference to such condition. The Texas case

cited in appellee's brief (Haywood v. Railway, 12 Texas Ct. Rep., 297) can not be said to support appellee's contention.

We have been led to express our views upon this question at greater length than would appear to have been called for, for the reason that counsel for appellee are very earnest in their contention that the charge referred to is a correct statement of the law applicable to this case. In fact the charge is clearly erroneous for the reason that, as in the case of other instructions given and referred to in this opinion, the jury are precluded from finding for the appellant in the case stated in the charge, even though they should believe that she sustained damages on account of independent injuries as alleged by her, in the way of physical and mental suffering, etc., immediately consequent upon and directly caused by the accident.

Appellant's objection to the several instructions referred to have been presented by sufficient assignments of error, which for the reasons given must be sustained. The verdict is a general one, and it is not clear to us that it was not influenced by the erroneous instructions given.

Appellee objects to a consideration by this court of appellant's first and second assignments of error for the reason that they are not followed by a statement as required by rule 31 for Appellate Courts. The statement made by appellant in her brief under these assignments is not a proper statement in that it contains, without discrimination, all of the testimony introduced by appellant, much the greater part of which has no bearing upon the questions presented by these assignments, but it does contain what there is in the record properly bearing upon the question, and we are not inclined to disregard the assignments of error for the departure from the rule pointed out.

We do not think that either of the objections of appellee to the consideration of the fourth assignment present sufficient grounds for disregarding the assignment. For the errors pointed out, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*