SADROCK v. GALVESTON, H. & S. A. RY. CO.

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1911. Rehearing Denied Dec. 6, 1911.)

1. DAMAGES (§ 216*)—INSTRUCTIONS.

In a personal injury action, an instruction that if any impairment of plaintiff's physical condition was due wholly or partly to natural diseases, and not to injuries sustained in the accident, he could not recover on account of such impairment, was erroneous as precluding recovery, though plaintiff might have been injured through defendant's negligence and have suffered mentally and physically as a result and may have lost time.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

2. APPEAL AND ERROR (§ 1068*)—PREJUDICIAL ERROR—INSTRUCTIONS.

An instruction, erroneously precluding recovery for personal injury and loss of time, was prejudicial error, where the jury found against plaintiff for any such damages; they having found a verdict for plaintiff for $2 for repair of a wagon damaged in the accident, an item not pleaded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228; Dec. Dig. § 1068.*]

3. APPEAL AND ERROR (§ 1031*)—PREJUDICIAL ERROR—PRESUMPTIONS.

An erroneous instruction is presumed to have been injurious, unless appellee shows, or it is apparent from the record, that it was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by Albert Sadrock against the Galveston, Harrisburg & San Antonio Railway Company. From the judgment, plaintiff appeals. Reversed and remanded.

John Sehorn, for appellant. Baker, Botts, Parker & Garwood, Templeton, Brooks, Napier & Ogden, and W. F. Ezell, for appellee.

FLY, J. Appellant sued for damages alleged to have accrued to him by reason of injuries inflicted through the negligence of appellee. The cause was tried by jury and resulted in a verdict and judgment in favor of appellant for $2.

[1] That there was evidence to sustain the verdict is not denied by appellant; the only contention being that the following special charge requested by appellee and given by the court was erroneous and reduced the size of the verdict: "Even if you find that plaintiff's physical condition is in any way impaired, but that such impairment of condition is due wholly to rheumatism or other natural diseases or causes, and not to injuries sustained in the alleged accident, then you should return a verdict for the defendant; or, if you should find that such impairment of condition, if any, is due partly to rheumatism or other diseases or causes, and were not produced by injuries sustained in the alleged accident, then you cannot in any event allow him anything on account of any impairment of physical condition due to rheumatism or to such other natural diseases or causes." The effect of the charge was to instruct the jury that if the physical condition of the appellant was caused by rheumatism or other diseases, he could not recover, although he may have been injured through the negligence of appellee and may have suffered mentally and physically as a result of such injuries and may have been damaged by loss of time. Those elements of damages were excluded by the charge. Green v. Houston Electric Co., 40 Tex. Civ. App. 260, 89 S. W. 442.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[2] It is not claimed by appellee that the charge was not erroneous; but it is insisted that the error could not have injured appellant because the verdict was not responsive to the charge, which instructed a verdict for appellee in case the physical condition of appellant was caused by rheumatism or other disease, and the jury gave a verdict for appellant. This contention might be sustained were it not for the fact that there is evidence in the record that the jury did find against appellant for any damages to his person arising from the accident. In the judgment it is recited that the jury "returned into open court the following verdict, to wit: San Antonio, Nov. 17, 1910. We, the jury, find a verdict for plaintiff for the sum of two dollars for repair for wagon and defendant to pay all costs of court." The judgment further recites that the court thought the verdict informal and "directed it to be reformed at the bar," which was done so as to cause the verdict to read: "We, the jury, find for the plaintiff in the sum of two dollars." The jury were not carried back to their room, but assented to the change, which merely was the striking out of the specific item for which they found for appellant. The fact remained after, as before, the change in the verdict, that the jury had refused to find for any damages of any kind to the person of appellant which was in direct response to the erroneous charge requested by appellee. The jury evidently concluded, for some reason, that no verdict could be found for personal injuries, and based their verdict on a matter not alleged in the petition, which was in effect a verdict in favor of appellee, and the court should have instructed the jury that there was no claim for damages to the wagon and have sent them back to again consider the verdict. Had this been done, the probabilities are that a verdict would have been returned in favor of appellee, and, had that been done, no doubt could have been entertained as to the error being of such a nature as to require a reversal.

[3] The rule in regard to an erroneous charge is that it is presumed to have been injurious, unless the appellee shows, or it is apparent from the record, that it was harmless. Railway v. Greenlee, 62 Tex. 344; Emerson v. Mills, 83 Tex. 385, 18 S. W. 805; Railway v. Warner, 88 Tex. 642, 32 S. W. 868; Railway v. Johnson, 91 Tex. 569, 44 S. W. 1067. The evidence being conflicting as to the personal injuries, and it appearing from the record that there was to all intents and purposes a finding by the jury against appellant, and the erroneous charge forming a basis for such finding, a reversal must necessarily follow.

The judgment is reversed, and the cause remanded.