## EGAN v. EGAN.   (No. 9642.)

(Court of Civil Appeals of Texas. Fort Worth.
June 18, 1921. Rehearing Denied
Oct. 15, 1921.)

Trial ☞191(2)—Charge in divorce action held erroneous as assuming fact of cruelty.

In suit for divorce, submitting to the jury, whether from the evidence in the case the conduct of the defendant toward plaintiff as alleged in plaintiff's petition was of such a nature as to render their further living together insupportable, was erroneous as impliedly assuming that the charges of cruelty in plaintiff's petition had been proven.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Iris Egan against Claude Egan for divorce. From judgment for plaintiff, defendant appeals. Reversed and remanded.

P. W. Seward and James & Conner, all of Fort Worth, for appellant.

Chas. T. Rowland and Marvin H. Brown, both of Fort Worth, for appellee.

DUNKLIN, J. Mrs. Iris Egan was granted a divorce from her husband, Claude Egan, and the care and custody of their minor child was awarded to her. The defendant Claude Egan has appealed from that judgment.

Cruel treatment of plaintiff by the defendant of such a nature as to render further living together wholly insupportable to plaintiff was the ground for divorce alleged in the petition. The petition contained further allegations of facts to show that the welfare of the child would be best subserved by awarding his custody to the mother.

The case was tried before a jury. Plaintiff testified explicitly and positively to many acts of cruelty alleged in her petition, but her testimony was flatly contradicted by that of the defendant, who denied practically all the acts of cruelty testified to by plaintiff. The testimony of plaintiff's mother corroborated that of plaintiff to a minor extent, but aside from that there was practically no testimony corroborating the testimony of either the plaintiff or the defendant.

The trial judge submitted to the jury one issue only, which together with the answer of the jury thereto was as follows:

"Do you find from the evidence in this case that the conduct of the defendant towards the plaintiff, as alleged in plaintiff's petition, is of such a nature as to render their further living together insupportable? Answer: Yes."

Clearly, that charge was erroneous because it impliedly assumed that the charges of cruelty embodied in plaintiff's petition had been proven, and for that error the judgment of the trial court is reversed and the cause remanded. W. F. & W. Ry. Co. v.

Wyrick, 147 S. W. 730; T. & B. V. Ry. Co. v. Gregory, 142 S. W. 656; McCrary v. McCrary, 230 S. W. 187.