## WASHINGTON FIDELITY NAT. INS. CO. v. WILLIAMS et al. *
### No. 12361.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 11, 1930.

Rehearing Denied Nov. 8, 1930.

---

*Writ of error granted.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, and Clyde F. Winn, of Waxahachie, for appellees.

BUCK, J.

Eva Williams and her daughter, Gladys Williams, feme soles, filed suit against the Washington Fidelity National Insurance Company, a private corporation, hereinafter called insurance company, alleging the death of the husband and father, Walter Williams, on or about May 10, 1928. They alleged that, at the time of said Walter Williams' death, he was insured in a certain policy of insurance "No. Q. O. 11552," and that the plaintiffs were beneficiaries under said policy. They further pleaded: "That said policy of insurance so issued and delivered to Walter Williams as the insured and the plaintiffs hereinabove named as the beneficiaries insured the said Walter Williams with Eva Williams, his wife, and Gladys Williams, his daughter, as beneficiaries against losses specified in said policy of insurance, resulting, directly and independently of all other causes, from personal bodily injuries effected during the life of such policy through external, violent and accidental means (a) while actually riding in, operating, adjusting, cranking or repairing an automobile, (b) by being struck by an automobile, knocked down or run over by it; said policy further providing that if such injuries shall within ninety days from the date of accident, and independently of all other causes, result in the loss of the life of the insured, the defendant company agrees to pay to the beneficiaries the sum of $1,250.00."

They further alleged that yearly premiums had been paid on said policy, including premiums for the year in which Walter Williams died, and that said policy was in full force and effect at the time of Walter Williams' death, to wit, May 10, 1928. They further pleaded: "That said Walter Williams sustained accidental personal bodily injuries through external, violent and accidental means in the manner and to the extent hereinafter set forth; that while engaged in taking a tire and rim off his automobile and while bent over in a stooping position and pulling and straining at the rim in an effort to get it off, the deceased accidently fell backwards on to the ground; that said tire and rim fell on or across the lower part of Walter Williams' abdomen, straining, tearing or lacerating the perineal [perineum] and the membranes and tissues in and around the perineal [perineum] that thereafter and as the direct and proximate result of such injury, the said Walter Williams developed a general septicemia and died as the result thereof on May 25, 1928, [May 10, 1928?]"

They further pleaded that proof of loss had been given in due time, and the defendant had

Bonner, Bonner & Childress, of Wichita Falls, for appellant.

denied liability and had refused to pay the loss, and that plaintiffs had employed Clyde F. Winn, an attorney at Waxahachie, Tex., and Weeks, Morrow, Francis & Hankerson, attorneys at law, of Wichita Falls, Tex., to file and prosecute their claim under said policy, and had become liable, bound, and promised to pay the sum of $500 as attorneys' fees, in addition to the amount allowed by law as attorneys' fees.

The defendant answered by a general denial, and a prayer that the petition be dismissed and it be discharged with its costs, and specially denied that the alleged injury was one resulting from assured's "riding in, operating, adjusting, cranking or repairing an automobile, or by being struck by an automobile, knocked down or run over by it," and that therefore said injury was not within the scope of the policy sued on.

Defendant further alleged that Walter Williams was also insured in the National Life & Accident Insurance Company, and also had a policy in the Grand Lodge of Colored Knights of Pythias of Texas. That the first policy was in the sum of $145, and the latter policy was in the sum of $500, and that Walter Williams had made application to the defendant for the policy of insurance herein sued upon and had not given any notice to it that he carried any accident insurance in any other company. Therefore, defendant prayed that, even though liability be established against it on the policy, that liability should be only for such portion of the indemnity promised as said indemnity bears to the total amount of all the insurance held by Williams and in force at the time of his death.

A trial was had on October 17, 1929, and the cause was submitted to a jury on special issues. The issues and answers thereto are as follows: (1) The jury found from a preponderance of the evidence that on or about May 10, 1928, Walter Williams received personal bodily injury, such as are complained of in plaintiffs' first amended original petition; (2) the jury found from a preponderance of the evidence that such injuries were received through external, violent, and accidental means while repairing an automobile; (3) the jury found from a preponderance of the evidence that such injuries, within 90 days from the date they were received, directly and independently of all other causes, resulted in death to the said Walter Williams; (4) the jury found that a reasonable attorneys' fee for the filing and prosecution of the suit was $250.

Upon this verdict, the trial court found that the plaintiff was entitled to recover of and from said defendant the sum of $1,144, together with interest thereon from May 1, 1929, together with 12 per cent. thereof as a penalty accruing on account of the failure of the defendant company to pay the amount due under the policy within 30 days from and after the date of the demand thereof, together with the further sum of $250 as attorneys' fee.

It was further ordered and decreed that Eva Williams and Gladys Williams, both feme soles, have and recover from the insurance company the sum of $1,531.28, said amount to be divided equally between them.

It was further ordered that $1,144 of the amount above set forth bear interest at the rate of 6 per cent. per annum from and after May 1, 1929, and the balance of $387.28 bear interest from the date of the judgment at the rate of 6 per cent. per annum. From this judgment the defendant has appealed.

### Opinion.

There are 56 propositions in appellant's brief, but in discussing them we can group a number of the propositions, which we will do.

Propositions 1 and 2 complain of the action of the trial court in overruling the general demurrer of defendant below, inasmuch as plaintiffs did not set out the policy sued upon in hæc verba, or attach the same as an exhibit. The policy contains this clause: "This policy, however, does not cover anyone employed as a public or private chauffeur or driver, automobile mechanic, machinist, repairer or tester; or injuries, fatal or non-fatal, which are sustained by the insured while or as a result of having violated the law or engaged in any race or speed contest or which do not produce visible contusion or wound on the exterior of the body."

In support of these propositions, appellant cites Travelers' Ins. Co. v. Harris (Tex. Com. App.) 212 S. W. 933; Coyle v. Palatine Ins. Co. (Tex. Com. App.) 222 S. W. 973; Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980.

In Coyle v. Palatine Ins. Co., supra, the first headnote reads: "Under a policy insuring against damage by tornado, windstorm, or cyclone, expressly excepting from the risk any loss or damage through tidal wave, high water, or overflow, and damage caused by water or rain, whether or not driven by the wind, burden was on insured to show that loss was not among those excepted."

Chief Justice Phillips wrote an addenda to this opinion in approving it. We think that the holding in these cases is that the burden of proof was on the plaintiffs to show that the death of Walter Williams was not due to any of the causes excepted in the paragraph taken above from the policy.

The first paragraph of plaintiffs' first amended original petition specifically sets out the losses and injuries "resulting directly and independently of all other causes, from personal bodily injuries effected during the life of such policy through external, violent and

accidental means (a) while actually riding in, operating, adjusting, cranking or repairing an automobile; (b) by being struck by an automobile, knocked down or run over by it."

In the second paragraph is set out the circumstances and causes of the accident, to wit: "Walter Williams sustained accidental personal bodily injuries through external, violent and accidental means in the manner and to the extent hereinafter set forth; that while engaged in taking a tire and rim off his automobile and while bent over in a stooping position and pulling and straining at the rim in an effort to get it off, the deceased accidentally fell backwards on to the ground; that said tire and rim fell on or across the lower part of Walter Williams abdomen, straining, tearing or lacerating the perineal [perineum;] that thereafter and as the direct and proximate result of such injury, the said Walter Williams developed a general septicemia and died as the result thereof on May 25, 1928."

Thus it will be noted that in their description of the accident resulting in death they exclude such accidents as the policy specially excludes, since it says that, Walter Williams "while engaged in taking a tire and rim off his automobile," it is evident that he was not engaged in the act of repairing his employer's automobile as chauffeur. We think the pleadings further show that the injuries were to the exterior of Williams' body. Dr. D. W. King, a colored physician, testified that he examined the deceased soon after he was injured, and "examined the wound, the contusion there and concluded that he must have got a lick there some way or other. The soft tissues of the body, beneath the skin, were torn. That is around the perineum." He further testified that in his opinion it was the blow that he got from the automobile wheel that was the cause of his death. See Automobile Ins. Co. v. Bridges, 5 S.W.(2d) 244, by the Eastland Court of Civil Appeals, in which it is said, quoting from the headnotes: "If sufficient be stated in a pleading to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averment cannot be taken advantage of by a general demurrer"—citing Northwestern National Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, in which a writ of error was refused by the Supreme Court. See, also, 13 Corpus Juris, 719; Farrell v. American Employers' Ins. Co., 68 Vt. 136, 34 A. 478; Mason v. Kleberg, 4 Tex. 85; Wooters v. Railway Co., 54 Tex. 294.

Propositions 1 and 2 are overruled.

Propositions 3 and 4 complain of the action of the trial court in refusing to give appellant's tendered peremptory instruction. Inasmuch as this depends on the claim of deficiency of plaintiffs' pleading and the action of the trial court in admitting certain portions of the policy in evidence, we think what has been said with reference to propositions 1 and 2 answers the questions raised in these propositions. The pleading and proof having shown that the insured received the injury which resulted in his death while he was working on his own private automobile in the repair thereof, and that he was necessarily not then engaged in a speed or race contest, nor as a hired chauffeur, we do not think that any error is shown in the failure of the court to sustain the general demurrer and in admitting in evidence portions of the policy.

Proposition 8 reads: "The finding of the jury with respect to special issue No. 1 is contrary to and unsupported by the great and overwhelming preponderance of the evidence."

Proposition 9 complains of the submission of special issue No. 1, which reads: "Do you find and believe from a preponderance of the evidence that, on or about the 10th day of May, 1928, Walter Williams received personal bodily injuries, such as are complained of in plaintiff's first amended petition?"

It is urged that the testimony of Dr. King was in effect as follows: "He gave a history as injuring himself while changing an auto casing; also sleeping on the ground while out on a fishing party. These conditions are sometimes brought on by exposure. I am sure this is his case."

It is urged that the overwhelming preponderance of the evidence shows that his death was caused, in part at least, by the deceased sleeping on the ground. While the doctor seemed to testify in answer to appellees' attorneys positively that in his opinion the death of deceased was due to the injuries received from the wheel and casing falling on him, and, in response to the questions of appellant's attorney, that in his opinion the injuries were caused from the accident at his home, above described, and also from the sleeping on the ground while out fishing, yet the doctor testified several times that in his opinion deceased's death was caused by accident. Moreover, Ben Bell, a friend of D. O. Johnson, for whom Walter Williams worked and with whom he went out to Kemp Lake on a fishing trip, testified that the negro slept on top of the boat, which they had, a big boat with a cabin on it, and that the rest of them stayed in the boat; that no rain fell, as he recollected, while they were out on the lake. This evidence contradicts the doctor's testimony, to the effect that he thought that the death of Williams was due, in part at least, to his having slept on the ground. Yet exposure from sleeping on the ground was not one of the risks excepted by the terms of the policy. Moreover, although he might have slept on the ground, and such could be

one of the predisposing causes of his death, yet, if the immediate cause of his death was the accident, the insurance company would be liable for his death. In an action for personal injury negligently inflicted by another, the petition alleged that before the injury plaintiff was healthy, capable of attending to her domestic affairs, and because of the injury she was unable to do so. The evidence showed that she was in fact physically unsound before the accident. It was held that she was entitled to damages for such injury as aggravated a previously diseased physical condition. Green v. Houston Elec. Co., 40 Tex. Civ. App. 260, 89 S. W. 442, and other cases.

Propositions 8 and 9 are overruled.

Proposition 10 is that special issue No. 2 was submitted to the jury without any legal evidence to support it. Issue No. 2, under proposition 11, is as follows: "Do you find and believe from the preponderance of the evidence that such injuries, if any, were received through external violence and accidental means while repairing an automobile?"

This issue could only be a question as to whether or not the injuries complained of were "external." We think that Dr. King's testimony answers that question in the affirmative. Therefore, propositions 10, 11, and 12 are overruled.

Propositions 17 and 18 complain of the action of the trial court in submitting to the jury, after the jury had been deliberating for some time, the pleadings in the case. A bill of exception states that, at the time the request was made by the jury for the pleadings, said jury had only the court's charge. Counsel for plaintiffs below stated that in his opinion the court should comply with the jury's request, while counsel for defendant objected and excepted to the entire proceeding. Thereupon the court delivered to the bailiff for redelivery to the jury plaintiffs' amended original petition, and defendant's amended original answer. The court qualified this bill by stating that, at the time the jury went out for deliberations, he told them that he did not have the pleadings in the case, but that he would send such pleadings to them as soon as he got the same. That defendant's counsel, did not specifically object to his sending the pleadings in by the bailiff. That the request from the jury for the pleadings was made in writing and signed by the foreman.

 It was further alleged that the trial court erred in submitting to the jury issue No. 1, and especially that part of said issue italicized: "Do you find and believe from a preponderance of the evidence that on or about the 10th day of May, 1928, Walter Williams received personal bodily injuries, *such as are complained of in plaintiffs first amended original petition?"* To which the jury answered, "Yes."

It is urged that inasmuch as the jury had before it the first amended petition, and inasmuch as the defendant below pleaded a general denial, that the issue above given, and the delivery to the jury of plaintiffs' pleadings, impliedly assumed that the accident occurred as pleaded by plaintiffs. Appellant cites the case of Estep v. Bratton (Tex. Civ. App.) 298 S. W. 145, 147, writ of error refused, in which case the following charge was quoted from Egan v. Egan (Tex. Civ. App.) 235 S. W. 659: "Do you find from the evidence in this case that the conduct of the defendant towards the plaintiff, as alleged in the plaintiff's petition is of such a nature as to render their further living together insupportable?"

The defendant had entered a general denial to the allegations of plaintiff's petition, and the court, upon consideration of the error assigned, said: "Clearly that charge was erroneous because it impliedly assumed that the charges of cruelty embodied in plaintiff's petition had been proved, and for that error the judgment of the trial court is reversed and the cause remanded."

In East Line & Red River Railway Co. v. D. P. Smith, Administrator, 65 Tex. 167, Justice Stayton, speaking for the Supreme Court, said: "The court should ordinarily inform the jury what the issues to be tried are, rather than to refer them to the pleadings to ascertain that fact, and in this case we think this was clearly done in the several charges given. The reference made to the pleadings had no bearing upon the weight or character of evidence necessary to be adduced to sustain the issues made, but only went to the point that if the cars were put into the train in the unfit and defective condition alleged in the pleadings, with knowledge on the part of the carrier of such unfitness and defects, then the carrier would be liable for such injury as resulted therefrom."

We do not think that the reference in issue No. 1 to the injuries pleaded in plaintiffs' petition constitutes error. The case of Estep v. Bratton, supra, shows that the error was not the reference to the pleadings, but in assuming the facts set out in the pleadings to have been established. It is one thing to ask the jury whether or not the facts as alleged render the living together of a man and wife further insupportable, and another to ask the jury whether the injuries complained of have actually been proven. While it is probably better practice not to submit to the jury the pleadings of the parties; yet we do not think that such submission constitutes reversible error, unless injury is shown. See article 1957 under the former statutes of 1920 (Complete Tex. Stat.) which specifically allowed the pleadings to be given to the jury

before retiring to the jury room. Article 2193, Rev. Civ. Statutes of 1925, does not specifically allow the pleadings to be taken to the jury room by the jury.

■ Proposition 21 reads as follows: "The court erred in submitting to the jury special issue No. 3 and in overruling defendant's written objections and exceptions directed thereto for the reasons set forth."

Proposition No. 22 gives the reason of objection of defendant to the submission of special issue No. 2: "Defendant objects and excepts to proposed special issue No. 3, because it is not justified by the pleadings or the evidence, and is wholly immaterial and for each and all the reasons hereinbefore set forth with respect to special issues Nos. 1 and 2."

Special issue No. 3 inquired of the jury whether or not from a preponderance of the evidence the injuries inquired about in special issue No. 1, within 90 days from the date they were received, directly and independently of all other causes, resulted·in death to the said Walter Williams. We do not see any tenable objection to this charge, and therefore overrule propositions 21 and 22.

■■ Under propositions 24, 25, 26, 27, 28, and 29, objection is made in a general way to the failure of the trial court to define the meaning of such words as "personal bodily injury" as used in special issue No. 1; "external violent and accidental means," as used in special issue No. 2; and "directly and independently of all other causes," as used in special issue No. 3.

Appellee urges that, while there was a request for the definition of these terms, taken as a whole and not separately, and the court refused to define them, no exception was taken to the court's refusal. ·We do not think that objection is good. Article 2185, Rev. Civ.· Statutes. Appellee further urges that "personal bodily injuries" is not a technical term in the language of the policy which insures against "personal bodily injuries," and the term "external, violent and accidental means" is not, as found in the charge, a term which needs any definition.

In the case of Wichita Falls Traction Co. v. McAbee, 21 S.W.(2d) 97, 104, by this court, it is said: "In another proposition complaint is made of the trial court in failing and refusing, upon request, to define not only 'under control,' but 'peril,' 'position of peril,' and 'reckless and dangerous speed.' As authority for the duty of the trial court to define in plain words legal or technical terms not in general use or generally understood by persons of ordinary education, see article 2189, Rev. Statutes of 1925; Texas Pacific Coal & Oil Co. v. Stuard et ux., 7 S.W.(2d) 878, by the Eastland Court of Civil Appeals; Southern Surety Co. v. Solomon, 4 S.W.(2d) 599, by

the Austin Court of Civil Appeals; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570."

In Zurich General Accident & Liability Ins. Co. v. Wood, 27 S.W.(2d) 838, by the Amarillo Court of Civil Appeals, it was held to be reversible error for the trial court, in a trial under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), to fail to clearly and concisely define in statutory terms the words "injury" and "personal injury."

Inasmuch as the evidence in this case was ample to show that a visible contusion or wound on the exterior of the body was produced by the accident which plaintiffs claim caused the death of deceased, we do not see how any harmful injury or deprivation could have been caused to appellant. Therefore we overrule the assignment.

While there are other assignments not specifically discussed, yet we have examined all of them and find no error, and such other assignments are overruled, and the judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing.

We believe that we have correctly disposed of the questions involved in this suit in our original opinion, and therefore the motion for rehearing is overruled.